■ TOWNE FUNDING Co., Respondent, v ANTHONY MACCHIA, Appellant, et al., Defendants. (Action No. 1.) TOWNE FUNDING Co., Respondent, v ANTHONY MACCHIA, Appellant, et al., Defendants. (Action No. 2.)—In two actions to foreclose upon two separate mortgages, the defendant Anthony Macchia appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered on July 11, 1984, which denied his motion for summary judgment directed at both actions.

Order modified by (1) deleting the word "usurious" from the first line of the second decretal paragraph and substituting therefore the word "illegal", and (2) adding the following as the fifth decretal paragraph thereof: "The parties are directed to proceed to a hearing to determine if these loans may be held to be unconscionable under Connecticut law". As so modified, order affirmed, with costs to the defendant Anthony Macchia.

Special Term properly determined that Connecticut's substantive usury laws should be applied to these transactions *(see, e.g., Pioneer Credit Corp. v Catalano,* 51 Misc 2d 407, *affd* 28 AD2d 595) and that these mortgage-secured loans were not illegal under Connecticut law *(see,* Conn Gen Stat Ann § 37-9). Nonetheless, we view the appellant's usury claims as raising a cognizable issue as to whether these loans may be held to be unconscionable under Connecticut Law.

In mortgage-secured loans in excess of $5,000, Connecticut law substitutes an ad hoc unconscionability standard for the more strict and finite terms of a usury interest-rate ceiling *(see, e.g., Hamm v Taylor,* 180 Conn 491, 429 A2d 946). Consequently, a hearing is required *(see, e.g., Hamm v Taylor,* 180 Conn 491, 495-497, 429 A2d 946, 949, *supra; cf. Society for Sav. v Chestnut Estates,* 176 Conn 563, 409 A2d 1020) to

examine the surrounding commercial contexts of these particular loans, including their commercial setting, risks, purposes and effects, and to determine if, in light of the evidence presented, they are " 'so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract' " *(Hamm v Taylor,* 180 Conn 491, 496, 429 A2d 946, 949, *supra,* quoting from UCC 2-302 Comment 1).

Finally, we note, parenthetically, that should this matter proceed to foreclosure and sale and should respondent seek a deficiency judgment against the appellant due to the inadequacy of the proceeds of the sale, these loans would be usurious for that purpose under Connecticut law (Conn Gen Stat Ann §§ 37-4—37-6) and subject to appropriate remedies under Connecticut law *(see, e.g., Atlas Realty Corp. v House,* 120 Conn 661, 183 A 9; *Hamm v Taylor, supra; cf. Associated E. Mtge. Co. v Highland Park,* 172 Conn 395, 374 A2d 1070). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.