■ TUTHILL FINANCE, Respondent, v ENRIQUE V. CARTAYA et al., Appellants.—In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Orange County (Coppola, J.), dated November 8, 1984, which, upon an agreed set of facts, struck their answer and authorized the plaintiff to submit a further order providing for the appointment of a Referee to compute the amount due under the mortgage.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Orange County, for a hearing to determine if the mortgage-secured loan is unconscionable under Connecticut law.

This matter was submitted to the court upon an agreed set of facts. The defendants, owners of the subject premises located in Orange County, New York, borrowed a sum of money from the plaintiff, a lending institution with its main office in Stamford, Connecticut. To secure this obligation, the defendants executed in Connecticut a note secured by a mortgage on their property in Orange County. The mortgage was for $6,000 with interest at 28% per annum. Thereafter, the defendants defaulted in their payments and the instant action was commenced to foreclose the mortgage. The defendants asserted as an affirmative defense and counterclaim that the

rate of interest charged in the note was usurious under New York law.

We conclude that Special Term properly applied the usury laws contained in the Connecticut General Statutes to the transaction before us (see, Towne Funding Co. v Macchia, 120 AD2d 519). The general rule with respect to real property contracts is that the law of the State in which the instrument was executed governs the validity and effect of the agreement (see, Manhattan Life Ins. Co. v Johnson, 188 NY 108; Wayne County Sav. Bank v Low, 81 NY 566). This rule is consistent with the legal principle that the law of the State having the most significant contacts with the matter in dispute will be applied (see, Miller v Miller, 22 NY2d 12, mot to amend remittitur denied 22 NY2d 722; Crisafulli v Childs, 33 AD2d 293; Pioneer Credit Corp. v Catalano, 51 Misc 2d 407, affd 28 AD2d 595). It is undisputed at bar that the note and mortgage were executed in Connecticut. Although a loan with an interest rate in excess of 12% is prohibited as usurious under Connecticut law (Conn Gen Stat Annot § 37-4), Connecticut General Statutes Annotated § 37-9 (3) exempts from the usury law loans secured by bona fide mortgages in excess of $5,000. Pursuant to Connecticut law, the mortgage-secured loan at issue in the instant matter was not illegal (see, Towne Funding Co. v Macchia, supra). However, with respect to mortgage-secured loans in excess of $5,000, Connecticut law substitutes an ad hoc unconscionability standard for the more strict and finite terms of an interest-rate ceiling (see, Hamm v Taylor, 180 Conn 491, 429 A2d 946; Towne Funding Co. v Macchia, supra, at 519). Thus, the defendants' usury claims raise a triable issue as to whether the mortgage-secured loan is unconscionable under Connecticut law.

The defendants also maintain that paragraph 15 of the mortgage agreement mandates a contrary result. It provides, in pertinent part, that "[t]he law that applies in the place that the [p]roperty is located will govern this [m]ortgage". The defendants construe this paragraph as meaning that the laws of New York govern the transaction and, therefore, they conclude that the loan is invalid as usurious (see, General Obligations Law § 5-501; Penal Law § 190.40). We reject the defendants' construction of paragraph 15 and its effect upon the issue before us. This provision, by its terms, applies only to the mortgage and not to the note and, therefore, it has no effect on the question of whether the note provides for a usurious rate of interest.

Since the defendants' usury claim raises a cognizable issue

as to whether the mortgage-secured loan may be held to be unconscionable under Connecticut law, we remit the matter to the Supreme Court, Orange County, for a hearing on this issue *(see, Towne Funding Co. v Macchia, supra; see also, Hamm v Taylor, supra)*. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.