(December 12, 1988)

■ A. CONNER GENERAL CONTRACTING INC. et al., Respondents, v ROLS CAPITAL Co., Appellant.—In an action, *inter alia*, to declare certain loan agreements void as usurious, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated December 23, 1986, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Aaron Conner (hereinafter Conner), a New York domiciliary, is president of the plaintiff A. Conner General Contracting Inc. (hereinafter Conner Inc.), a New York corporation. The defendant claims to be a New Jersey partnership. Through an intermediary located in New York, alleged by each side to be the agent of the other, Conner Inc. obtained a $30,000 loan from the defendant repayable with annual interest of 26%. Closing on the loan took place in New Jersey, where Conner, as president of Conner Inc., executed the note. In addition, Conner and his wife, the plaintiff Loretta Conner, executed personal guarantees and a mortgage on three pieces of property located in Queens, New York. The Conners also executed a confession of judgment authorizing the defendant to enter judgment in New York against them personally if Conner Inc. defaulted on the loan. Approximately seven months later, Conner Inc. borrowed additional funds from the defendant, the original loan was refinanced, and the plaintiffs executed in New Jersey documents identical in form to those evidencing the first transaction. The interest rate was again 26%, a rate which is criminally usurious under New York law (*see*, General Obligations Law § 5-521 [3]; Penal Law § 190.40) but not under the laws of New Jersey (*see*, NJ Stat Annot 2C:21-19 [a]).

Although some payments on the note were made via post-dated checks executed at the time of the closing and negotiated in New Jersey, Conner Inc. thereafter defaulted. The defendant entered judgment in this State against the Conners and apparently also commenced foreclosure proceedings. The plaintiffs then commenced this action for a declaration that both loans were void as usurious. The defendant moved for summary judgment in its favor, urging that New Jersey law authorizing the agreed-to interest rate is applicable to the transactions. The plaintiffs cross-moved for summary judgment and asserted that New York law applies. The Supreme

Court denied summary judgment to both sides, holding that there was a question of fact as to whether the defendant "is doing business in the State of New York to such an extent that its citizens shall be protected from usurious contracts and therefore whether New York law shall apply to the loans involved".

On appeal, the defendant asserts it is "well settled" that, in usury cases, New York follows a special choice-of-law rule known as the rule of validation, i.e., that the courts of this State will apply the law of the State whose usury statute would sustain the contract or impose the lightest penalty of all the States which have a "substantial relationship" to the contract (see, Heller & Co. v Chopp-Wincraft Print. Specialties, 587 F Supp 557, 560). Pursuant to the defendant's analysis, and assuming that the defendant in fact is a New Jersey partnership, the rule of validation would mandate application of New Jersey law to the facts of this case. However, New York's present choice-of-law rule, dubbed the center of gravity approach (see, Auten v Auten, 308 NY 155, 160; see also, Intercontinental Planning v Daystrom, Inc., 24 NY2d 372) is that the law of the State having the most significant contacts with the matter in dispute will be applied (see, Miller v Miller, 22 NY2d 12, mot to amend remittitur denied 22 NY2d 722), even where the matter in dispute is usury (see, Tuthill Fin. v Cartaya, 133 AD2d 343; Pioneer Credit Corp. v Catalano, 51 Misc 2d 407, affd 28 AD2d 595). The Federal courts have held by way of dicta that New York follows the rule of validation (see, Heller & Co. v Chopp-Wincraft Print. Specialties, supra; Speare v Consolidated Assets Corp., 367 F2d 208), and approval of that rule has occasionally been expressed by New York courts (see, Crisafulli v Childs, 33 AD2d 293; but cf., Hawkins v Ringel, 231 NYS2d 476, revd 19 AD2d 649). However, the Court of Appeals has not articulated a special rule for usury cases. Rather, it appears to remain that "the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict" (Miller v Miller, supra, at 15-16; see also, Intercontinental Planning v Daystrom, Inc., supra).

The purpose of the usury laws generally is to protect poor people from the consequences of their own desperation (see, Schneider v Phelps, 41 NY2d 238, 243). Except in cases of criminal usury, neither a corporation nor the guarantor of a corporate debt may take advantage of the defense of usury

(General Obligations Law § 5-521) and the courts of this State are generally reluctant to extend the usury laws beyond cases which fall squarely under the statutes *(see, Matter of Dane,* 55 AD2d 224; *cf., Lehman v Roseanne Investors Corp.,* 106 AD2d 617). In light of this reluctance, it would appear that New Jersey law would apply to the transactions in this case *(cf., Tuthill Fin. v Cartaya, supra; Pioneer Credit Corp. v Catalano, supra; see also, Towne Funding Co. v Macchia,* 120 AD2d 519). However, although the defendant alleges that it is a New Jersey partnership, operating only in New Jersey and only under that State's laws, there is substantial evidence in the record which indicates that the defendant was organized as a partnership under the laws of New York. If in fact the defendant is a New York partnership only nominally operating in New Jersey so as to circumvent this State's usury laws, then the loans in question are New York transactions *(see, London Fin. Co. v Shattuck,* 221 NY 702). Under such circumstances New Jersey would have no significant contacts with the matter at issue and no interest in extending the benefits of its usury laws to an entity seeking only to evade the laws of a sister State *(cf., Seeman v Philadelphia Warehouse Co.,* 274 US 403, 408-409). Questions of fact thus exist as to whether New Jersey has significant contacts with the transactions at issue *(cf., Hawkins v Ringel, supra).* Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.