■ ROLS CAPITAL Co., Respondent, v MARK BOTTONE, Appellant, et al., Defendants.—In an action to foreclose a mortgage, the defendant Mark Bottone appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.) dated February 15, 1989, as dismissed his affirmative defenses and counterclaim.

Ordered that the order is modified, by (1) deleting the provision thereof dismissing the appellant's counterclaim insofar as it was based upon the claim of usury, and (2) deleting the provision thereof dismissing the appellant's affirmative defense of usury; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Coastal Designs, Inc. (hereinafter Coastal) obtained a $175,000 loan from the plaintiff repayable at an annual interest rate of 26%. The defendants Mark and Stephanie Bottone personally guaranteed the loan, and they executed a mortgage on their premises to cover the amount of the loan. Thereafter, there was a default on the loan and the plaintiff commenced the instant foreclosure action. The appellant's answer contained, *inter alia,* the affirmative defense of usury and a counterclaim based, *inter alia,* upon usury. Thereafter, the plaintiff moved for summary judgment. The motion was denied, but the court dismissed the appellant's affirmative defenses and counterclaim.

We find that there was a factual issue as to whether the usury laws of New York or New Jersey should apply to this loan. Although the loan was negotiated, executed and closed in New Jersey, there is a question as to whether the plaintiff is a New York partnership operating only nominally in New Jersey to circumvent this State's usury laws *(see, Conner Gen. Contr. v Rols Capital Co.,* 145 AD2d 452, 454). In any event, the appellant should have been given an opportunity to explore this question during discovery, since the defense was based upon knowledge in the possession of the plaintiff *(see, Terranova v Emil,* 20 NY2d 493; *Efdey Elec. Contrs. v Melita,* 167 AD2d 501). Further, even if New Jersey law is applicable, the court incorrectly concluded that there was no allegation by the appellant that the loan was usurious under that State's laws. In fact, the appellant alleged that the interest rate is usurious under either State's laws. Therefore, dismissal of the affirmative defense of usury and so much of the counterclaim that was based upon the claim of usury was improper. We find the appellant's remaining contentions to be without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.