■ JEFF HAKKO, Respondent, v DVORI SILVERBERG et al., Appellants, et al., Defendant.—Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered October 22, 1990, denying defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

Plaintiff alleges that his assignor entered into an agreement with defendants to lend them $50,000, repayable in six months with interest, to finance the import of clothing from Italy. Plaintiff alleges that the loan negotiations, which did not occur in New York, resulted in an agreed interest rate of 30% (60% annualized), and that defendants provided a blank signed check to plaintiff's assignor as collateral, with the authorization to fill in the balance of the loan should defendants default in their repayment obligations. When defendants defaulted, plaintiff's assignor filled in $65,000, representing principal and interest, and presented the draft to the bank against which it was drawn. The bank refused to honor the check, contending that the signatures were false. This action followed, sounding in breach of contract, fraud and unjust enrichment. Defendants raised a defense of criminal usury, contending that the New York Penal Law (Penal Law § 190.40) prohibits all rates exceeding 25% annually. Defendants contended that the entire contract, if it existed, was illegal, unenforceable, and that because New York has the greatest nexus with the loan agreement, New York law should be the law applicable. On appeal, for the first time, defendants also assert a defense based on the statute of frauds.

Initially, in failing to raise the defense of the statute of frauds in a timely manner, defendants have waived this claim *(Chester Natl. Bank v Rondout Mar.,* 46 AD2d 985, *lv denied* 37 NY2d 706). We agree that plaintiff has properly pleaded the elements of fraud and breach of contract. Since there remain questions of fact concerning the situs of the loan, and the forum whose laws will govern the defense of usury, the

complaint cannot be dismissed on this basis at this juncture *(see generally, Conner Gen. Contr. v Rols Capital Co.,* 145 AD2d 452). We also note that questions remain concerning whether defendants acted personally, or on behalf of a corporation, which precludes giving effect to the purported defense of criminal usury at this time *(supra;* General Obligations Law § 5-521 [3]). Although, on appeal, plaintiff characterizes the motion as one for summary judgment, we note that the motion is one to dismiss the complaint for failure to state a cause of action. However, even if the motion was viewed as one for summary judgment, the existence of triable issues precludes such relief *(Andre v Pomeroy,* 35 NY2d 361). Concur —Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.