■ STEPHEN R. CULBERT et al., Appellants, v ROLS CAPITAL Co., Respondent.—In an action to declare a loan agreement void as usurious and to recover payments made pursuant to that agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hand, J.), entered January 31, 1990, as (1) denied their motion for summary judgment, (2) declared that the loan agreement is valid, (3) granted the defendant's cross motion for summary judgment, and (4) dismissed the second cause of action in the amended complaint for the recovery of all payments made under the agreement.

Ordered that the order is modified, on the law, by deleting the provisions thereof which (1) declared that the loan agreement is valid, (2) granted the defendant's cross motion for summary judgment, and (3) dismissed the second cause of action in the amended complaint for the recovery of all payments made under the agreement, and substituting therefor provisions denying the cross motion and reinstating the second cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Under ordinary circumstances, the laws of New Jersey would apply to the transaction herein under New York's "center of gravity" approach to choice of law issues *(see, Miller v Miller,* 22 NY2d 12; *Auten v Auten,* 308 NY 155; *Tuthill Fin. v Cartaya,* 133 AD2d 343). However, inasmuch as a question exists regarding whether the defendant is a New

York partnership only nominally operating in New Jersey in order to evade New York's usury laws *(see, Rols Capital Co. v Bottone,* 170 AD2d 495; *Conner Gen. Contr. v Rols Capital Co.,* 145 AD2d 452),* summary judgment is denied and the matter is remitted to the Supreme Court so that the plaintiffs may explore this question during discovery or, if necessary, at a trial.

We further note that, while choice of law provisions such as that contained in the parties' installment note are generally given effect by the courts of this State *(see, Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 265, *see, e.g., Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514), such provisions will not be honored where the jurisdiction whose law is to be applied has no reasonable relation to the agreement or where the enforcement of the provision would violate a fundamental public policy of New York *(see, Gambar Enters. v Kelly Servs.,* 69 AD2d 297; *North Am. Bank v Schulman,* 123 Misc 2d 516). Since the precise status of the defendant as a business entity and the legitimacy of its business practices have not yet been determined, enforcement of the choice of law provision at this juncture would be inappropriate. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.