■ ACORN PARTNERS II et al., Appellants, v JOHN R. KILEY et al., Respondents. (And a Third-Party Action.) [597 NYS2d 63] — Orders, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 21, 1992 and December 8, 1992, which granted the cross motion of the defendants, pursuant to CPLR 3213, for summary judgment on their counterclaim for $195,000, and dismissed plaintiffs' first and second causes of action alleging usury and interference with business opportunity, and denied plaintiffs' motion to, *inter alia,* renew, unanimously affirmed, with costs.

In 1988, the corporate plaintiff, Acorn Equities, formed the plaintiff limited partnership, Acorn Partners II, for the purpose of developing a single family residence in Sharon, Connecticut. Equities is a Connecticut corporation whose principal place of business is in New York County. Partners II was formed under Connecticut law. Plaintiff Klepner is the sole shareholder of the corporation. In April 1989, Klepner sought equity investors to participate in the limited partnership. He negotiated with the defendant partnership, which in the end only agreed to lend the plaintiff limited partnership $150,000.

The note evidencing the loan, provided for $30,000 as "accrued interest" if the principal were paid by December 31, 1989, and $45,000, if the principal were paid after December 31, 1989, but before two years from the date of transfer, and $45,000 "plus a per diem amount based solely upon the outstanding principal computed at a rate of 15% per year", if the principal were paid after more than two years. The note further indicated that the plaintiffs were: "giving the Lender a mortgage on my property * * * The mortgage deed describes

the Property in more detail. This note and mortgage deed also describe how and under what circumstances the Lender can require me to pay in full all amounts I owe under this Note."

The mortgage reflected that "federal law and the law of the jurisdiction in which the Property is located" governed.

Following the plaintiff limited partnership's default and the defendant partnership's acceleration of the note, plaintiffs started this action, alleging that the note was usurious under New York law. The IAS Court properly ruled that Connecticut's usury laws controlled, and that under Connecticut's statutes the loan was exempt from Connecticut's usury limitation.

On the choice of law question, we find it unnecessary to decide whether the note effectively incorporates the mortgage's choice of law clause. Rather, we find that Connecticut law should control because of the substantial contacts that the debt has with Connecticut *(see, Conner Gen. Contr. v Rols Capital Co.,* 145 AD2d 452). The loan was made to develop Connecticut property, Partners II is a Connecticut partnership, the general partner is a Connecticut corporation, the parties used a Connecticut attorney to draw the documents, plaintiffs suggested the terms, the proceeds of the loan were released through the Connecticut law firm, and, the loan is lawful under Connecticut law (Conn Gen Stat § 37-9 [4]). The exemption provisions of section 37-9 apply because the plaintiffs were engaged in the business of real estate development, and the proceeds of the loan were used for the plaintiffs' business *(Associated E. Mtge. Co. v Highland Park,* 172 Conn 395, 374 A2d 1070, 1075). Concur—Carro, J. P., Kupferman, Kassal and Rubin, JJ.