■ EASTERN ARTIFICIAL INSEMINATION COOPERATIVE, INC., Respondent, v RICK LA BARE, Appellant. [619 NYS2d 858] —Crew III, J. Appeals from two orders of the Supreme Court (Ryan, Jr., J.), entered March 3, 1994 in Franklin County, which, *inter alia,* granted plaintiff's motion for a preliminary injunction.

Plaintiff is a cooperative agricultural corporation engaged in the sale of bull semen and the artificial insemination of cattle. In June 1980, plaintiff hired defendant as a relief technician to sell semen and perform insemination services. After approximately one month of training, defendant was assigned to a geographic area including portions of Vermont. Defendant remained employed by plaintiff in various positions until his resignation in late 1993, at which time he was employed as a service unit technician serving portions of Franklin County.

Following his resignation defendant, working with one of plaintiff's competitors, undertook to sell semen and provide insemination services to farmers in portions of Franklin County, and the record reveals that defendant sent a letter to his former clients attempting to solicit business. Upon learn-

ing of defendant's endeavors in this regard, plaintiff commenced this action for breach of contract seeking, *inter alia,* a permanent injunction enjoining defendant from selling bull semen and providing artificial insemination services for a period of one year from the date of his resignation. The breach of contract cause of action stemmed from an agreement defendant executed shortly after commencing his employment with plaintiff, wherein defendant agreed that he would not, while so employed and for a period of one year after the termination of his employment, compete with plaintiff by engaging in either the artificial insemination of cattle or the sale of bull semen in the geographic area in which he had been employed. Plaintiff's subsequent motion for a preliminary injunction was granted and this appeal ensued.

We affirm. Initially, we reject defendant's contention that Supreme Court erred in applying the law of Vermont. The agreement executed by defendant provides that it is to be interpreted according to Vermont law. Such choice of law provisions generally are given effect by the courts of this State unless the jurisdiction whose law is to be applied has no reasonable relation to the agreement at issue or enforcement of the subject provision would violate a fundamental public policy of this State *(see, Culbert v Rols Capital Co.,* 184 AD2d 612, 613). Defendant has failed to make such a showing here. Although New York arguably has a greater interest in this litigation, application of Vermont law was entirely reasonable; defendant interviewed for the position in Vermont and resided there at the time the contract was executed, a portion of defendant's training took place in Vermont and, for many years, defendant's assigned geographic area included portions of Vermont. Additionally, defendant has failed to demonstrate that application of Vermont law would be contrary to a fundamental public policy of this State. Accordingly, we see no reason to disturb Supreme Court's determination in this regard.

Nor are we persuaded that Supreme Court erred in granting plaintiff a preliminary injunction. "A preliminary injunction is appropriate where a movant demonstrates a likelihood of success on the merits, irreparable injury if the injunction is not granted and a balancing of the equities in his or her favor [citation omitted]" *(Van Deusen v McManus,* 202 AD2d 731, 732). Under Vermont law, "enforcement [of a noncompetition agreement] will be ordered unless the agreement is found to be contrary to public policy, unnecessary for protection of the employer, or unnecessarily restrictive of the rights of the

employee, with due regard being given to the subject matter of the contract and the circumstances and conditions under which it is to be performed" *(Vermont Elec. Supply Co. v Andrus,* 132 Vt 195, 198, 315 A2d 456, 458; *see, Fine Foods v Dahlin,* 147 Vt 599, 603, 523 A2d 1228, 1230; *Roy's Orthopedic v Lavigne,* 142 Vt 347, 350, 454 A2d 1242, 1244; *compare, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307-308).

Contrary to defendant's assertion, the record before us demonstrates that enforcement of the subject agreement was necessary to protect plaintiff. Shortly before his resignation, defendant came into possession of certain information regarding plaintiff's financial outlook, marketing strategies, future plans for genetic evaluation of cattle and new methods of technician training and development. Additionally, defendant was aware of plaintiff's new pricing system and was privy to information regarding the effect of the new system upon sales and profit margins. In our view, safeguarding these "trade secrets" was necessary for plaintiff's protection *(see, Vermont Elec. Supply Co. v Andrus, supra,* at 198-199), and the time and place restrictions set forth in the agreement were entirely reasonable *(see, supra; see also, Fine Foods v Dahlin, supra,* at 602-604). Accordingly, plaintiff has demonstrated a likelihood of success on the merits.

We are similarly persuaded that plaintiff has shown irreparable harm and a balancing of the equities in its favor with respect to the potential loss of business it could suffer absent the injunction *(compare, Campbell Inns v Banholzer, Turnure & Co.,* 148 Vt 1, 527 A2d 1142). Contrary to defendant's assertion, more was at stake here than the mere loss of monetary benefits. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.