■ EDWARD MARDER et al., Appellants-Respondents, v ALEXANDER LEVIN, Respondent-Appellant. [664 NYS2d 344] —In an action to recover on a promissory note, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 4, 1996, as denied their motion for summary judgment, and (2) the defendant cross-appeals from so much of the same order as denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiffs' motion for summary judgment and substituting therefor a provision granting that branch of their motion which was for summary judgment on the issue of liability; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, to determine the amount due to the plaintiffs under the promissory note and for entry of a judgment in favor of the plaintiffs and against the defendant.

Under New York's choice of law rule, the law of the jurisdiction having the greatest interest in the litigation, or the most

significant contacts with the matter in dispute, should be applied (*see, e.g., Miller v Miller,* 22 NY2d 12). Here, the plaintiffs loaned the defendant $200,000 to finance a housing development in New Jersey. The note sued upon apparently was executed in New Jersey, the note and the mortgage given as collateral were secured by property located in New Jersey, and the note was drafted and witnessed by a New Jersey attorney. Accordingly, on this record, New Jersey had the most significant contacts with the instant transaction (*see, e.g., Tuthill Fin. v Cartaya,* 133 AD2d 343) and, under New Jersey law, the transaction was not usurious (*see,* NJ Stat Annot 31:1-1 [e] [1]; 2C:21-19 [a] [2]; *Conner Gen. Contr. v Rols Capital Co.,* 145 AD2d 452).

Because the plaintiffs met their burden of proof for recovery on the promissory note (*see, e.g., Colonial Commerical Corp. v Breskel Assocs.,* 238 AD2d 539; *Bank of N. Y. v Sterlington Common Assocs.,* 235 AD2d 448), and the defendant failed to establish the existence of a material issue of fact as to liability on the promissory note, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability should have been granted (*see, e.g., Federal Deposit Ins. Corp. v RGB Intl Prop.,* 214 AD2d 603). However, since there was a dispute as to the amount due on the promissory note, the matter is remitted to the Supreme Court, Westchester County, *inter alia,* to determine the amount due. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.