■ SYSCO CORPORATION, SYSCO FOOD SERVICES-HORSEHEADS DIVISION, Respondent, v MAINES PAPER & FOOD SERVICE, INC., et al., Appellants. [679 NYS2d 175] —Mercure, J. Appeal from an order of the Supreme Court (Ellison, J.), entered April 3, 1998 in Chemung County, which, inter alia, granted plaintiff's motion for a preliminary injunction.

Defendants Michael Massino, William G. Mitchell and Scott R. Thomas (hereinafter collectively referred to as the individual defendants) were formerly employed as marketing associates by plaintiff, a distributor of food, cleaning and other products. The individual defendants each entered into a sales

representative agreement (hereinafter the agreement) with plaintiff providing, as relevant here, that "[n]either while employed by [plaintiff] nor at any time thereafter will [he] directly or indirectly disclose, reveal or use for [himself] or others any confidential or proprietary information of [plaintiff] without prior written permission". Under the terms of the agreement, confidential or proprietary information included sales and delivery schedules, customer lists, promotional programs, pricing policies, lists and sales allowances and discounts, and sales totals of various territories. Finally, the agreement provided: "For a one-year period following the termination of * * * employment with [plaintiff], [the employee] will not, directly or indirectly, on behalf of [himself] or for any other entity, business or person other than [plaintiff], contact, solicit, or sell to any of the customers of [plaintiff] with which [he] solicited or had contact while employed by [plaintiff]".

At the conclusion of their employment with plaintiff, the individual defendants each went to work for defendant Maines Paper & Food Service, Inc., a competitor of plaintiff. While employed by Maines, they each allegedly solicited the business of certain of plaintiff's customers in Pennsylvania. As a result, plaintiff commenced this action for compensatory and punitive damages and a permanent injunction, alleging that the individual defendants violated the agreement by using confidential or proprietary information and soliciting sales from plaintiff's customers and also that Maines employed them solely for that purpose. Plaintiff then obtained an order to show cause with a temporary restraining order bringing on a motion for a preliminary injunction. Defendants opposed the motion and also moved to vacate the temporary restraining order and to dismiss the complaint. Ultimately, Supreme Court denied defendants' motion and granted plaintiff a preliminary injunction, enjoining the individual defendants from calling upon, soliciting business from, selling to or otherwise contacting identified Pennsylvania customers of plaintiff and enjoining Maines from aiding, abetting, or directly or indirectly assisting them in engaging in such activities with plaintiff's customers. Defendants appeal.

As a threshold matter, we agree with Supreme Court's conclusion that Pennsylvania law should apply to the issues presented by the parties' respective motions. In fact, the parties appear to be in essential agreement on that point. In any event, the agreements executed by Mitchell and Thomas made specific provision for the application of Pennsylvania law and

the "grouping of contacts" methodology (*see, Munzer v St. Paul Fire & Mar. Ins. Co.*, 203 AD2d 770, 772) favors the application of Pennsylvania law to all three contracts due to the fact that defendants all live in Pennsylvania, worked for plaintiff in Pennsylvania and serviced Pennsylvania sales territories for plaintiff and for Maines, and also because the preliminary injunction grants relief only with respect to Pennsylvania customers (*see, Eastern Artificial Insemination Coop. v La Bare*, 210 AD2d 609, 610).

Applying Pennsylvania law, we conclude that Supreme Court abused its discretion in granting the preliminary injunction in favor of plaintiff. We are therefore constrained to reverse Supreme Court's order, deny plaintiff's motion and vacate Supreme Court's order of injunctive relief. Under established Pennsylvania law, "in order for a covenant in restraint of trade to be enforceable the covenant must 1) relate to (be ancillary to) * * * a contract of employment, 2) be supported by adequate consideration, and 3) be reasonably limited in both time and territory" (*George W. Kistler, Inc. v O'Brien*, 464 Pa 475, 480, 347 A2d 311, 314; *see, All-Pak, Inc. v Johnston*, — Pa Super —, —, 694 A2d 347, 350). "[T]he essential prerequisites for the issuance of a preliminary injunction are: first, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, that greater injury would result by refusing it than by granting it; and third, that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct" (*Bryant Co. v Sling Testing & Repair*, 471 Pa 1, 7, 369 A2d 1164, 1167). "Even more essential, however, is the determination that the activity sought to be restrained is actionable, and that the injunction issued is reasonably suited to abate such activity. And unless the plaintiff's right is clear and the wrong is manifest, a preliminary injunction will generally not be awarded" (*All-Pak, Inc. v Johnston, supra*, at —, at 350 [citation omitted]).

Based upon the affidavits submitted on the present motions, we are not persuaded that the subject restrictive covenants are supported by adequate consideration. All three of the individual defendants allege without contradiction that they were hired by plaintiff, came to terms on the essential terms of their employment, including salary, benefits, bonuses and territory, and left their prior employment and actually reported for work with plaintiff before they were asked to sign the agreements. Notably, "[w]hile a restrictive covenant, in order to be valid need not appear in the initial contract, if it is agreed upon at some later time it must be supported by new consideration"

(*George W. Kistler, Inc. v O'Brien, supra*, at 484). Furthermore, the "continuation of the employment relationship at the time the written contract was signed [is] not sufficient consideration for the covenant despite the fact that the employment relationship was terminable at the will of either party" (*id.*, at 485; *see, Maintenance Specialities v Gottus*, 455 Pa 327, 330).

Disputing none of the foregoing, plaintiff contends that the agreements were supported by valuable consideration in the form of training it provided to the individual defendants, which, according to plaintiff, was "replete with proprietary information concerning its products, pricing and customers". We are not persuaded. First, plaintiff has provided no details concerning its "extensive and expensive training program" other than to state that new sales representatives are introduced to customers and provided with so-called proprietary information such as whether "a particular restaurant has a known preference for a certain type of cheese or potato product". Second, defendants have made a detailed and compelling evidentiary showing that the identity of plaintiff's customers and their buying habits were readily ascertainable by anyone willing to merely review available lists of restaurants and institutions providing food service and then calling on the prospective customers, talking with them and examining their menus and food stocks (*cf., Eastern Artificial Insemination Coop. v La Bare, supra*, at 610-611). Third, all of the individual defendants were veterans of the food service industry before plaintiff lured them away from another competitor, and it appears that each of them was well aware of the greater portion of plaintiff's alleged proprietary information long before he was hired.

In view of the foregoing, we conclude that plaintiff's right to injunctive relief is by no means clear and that the preliminary injunction was therefore improvidently granted. The parties' additional contentions either need not be considered or are found to be lacking in merit.

Cardona, P. J., Mikoll, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion for a preliminary injunction denied and all temporary injunctive relief granted by Supreme Court vacated.