[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#117)
On November 4, 1986, the defendants John Febbroriello and Mary Jane Febbroriello owed the plaintiff Shawmut Mortgage Co., the sum of $250,000 as evidenced by their promissory note for said sum payable to the plaintiff Shawmut Mortgage. In order to secure the note, the defendants mortgaged to Shawmut a piece of property and land together with all buildings and improvements thereon, known as 33 South Road, Harwinton, Connecticut.
The promissory note provides that the indebtedness may become due upon default. The defendants have failed or neglected to pay installments when due. The plaintiff has accelerated the indebtedness, and the defendants have failed and neglected to pay the outstanding balance due and owing on the note.
Based upon the above-stated facts garnered from the affidavit of Nick Maimonis, Assistant Vice President of Shawmut Mortgage Company, the plaintiff moves for summary judgment. "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983).
The defendants have not filed affidavits or other documentation disputing the affidavit of Mr. Maimonis. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Id. at 11-12. "Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380." Id. at 12. In view of the foregoing, the special defenses of the defendants cannot be said to rebut the affidavit and other documentation CT Page 9051 presented by the plaintiff. Therefore, the plaintiff is entitled to summary judgment as a matter of law.
It should be noted, however, that even if this court were to consider the defendants' two special defenses, such defenses would be deemed legally insufficient in this foreclosure action. The first special defense alleges that the plaintiff caused to be attached all of the real estate owned by the defendants at a time when the plaintiff knew or should have known that the defendants were negotiating a loan to keep current the mortgage which is the subject of this action. The first special defense further alleges that such attachments terminated the possibility that the defendants would obtain funds to pay the mortgage which is the subject of this action. The defenses generally available to a complaint seeking foreclosure of a mortgage are limited to such defenses as payment, discharge, release, satisfaction, or the invalidity of the lien. Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327
(1944). Thus, the defendants' first special defense is not a valid defense.
The defendants' second special defense puts forth a claim of setoff based on the possible outcome of an ongoing court case. "The law of setoff is governed by General Statutes 52-139 . . . a condition precedent to the application of 52-139 is that the defendants' claim arise from a debt due by the plaintiff. Petti v. Balance Rock Associates, 12 Conn. App. 353,362 (1987) (Emphasis added). Since the defendants' claim of setoff alleges no debt currently due, it provides no defense to the present action.
Accordingly, the plaintiff's motion for summary judgment is granted.
PICKETT, J.