[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S (MOTION TO STRIKE SPECIAL DEFENSES)
This is a foreclosure action in which the defendants filed two (2) special defenses.
In the first special defense, the defendants assert that at the closing at which the defendants acquired title to the property at issue, "the plaintiff compelled the defendants to "absorb" one third of an unrelated commercial loan owed to the plaintiff by one of the property sellers. The defendants assert that no such demand was made prior to the closing by the plaintiff and that the defendants were unable to refuse this demand because the defendants had already invested approximately $200,000.00 in improvements to the property. The defendants claim that the plaintiff's conduct was improper and inequitable.
In the second special defense, the defendants assert that immediately prior to the closing, when the defendants believed all terms and conditions of the note and mortgage were finalized, the plaintiff advised the defendants that it would require not only a mortgage deed to the property at issue but a mortgage deed to their house as well. The defendants argue that no prior demand for a mortgage on their home had been made by the plaintiff and that they were unable to refuse said demand after having made $200,000.00 worth of improvements to the property. The defendants claim that the plaintiff's conduct in demanding the additional mortgage was improper and inequitable.
A motion to strike is the proper vehicle to challenge the legal sufficiency of a special defense. Practice Book Section 152(5). In ruling upon a motion to strike, the Court CT Page 4085 is limited to the facts alleged in the pleading which is the subject of the motion to strike, and must view those facts in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); Ferryman v. Groton, 212 Conn. 138, 146,561 A.2d 432 (1989).
"The defenses generally available to a complaint seeking foreclosure of a mortgage are limited to such defenses as payment, discharge, release, satisfaction, or the invalidity of the lien." Shawmut Mortgage Co. v. Febbroriello,7 CSCR 1226, 1227 (September 29, 1992, Pickett, J.), citing Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (Super. Ct. 1944). Other defenses which have been recognized are "accident, mistake or fraud, Boretz v. Segor, 124 Conn. 320,199 A. 548 (1938); unconscionability, Hamm v. Taylor,180 Conn. 491, [4]29 A.2d 946 (198[0]); abandonment of security; Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939); and usury, Atlas Realty Corp. v. House, 120 Conn. 661, 183 A. 9 (1936)." Bristol Savings Bank v. Miller, 7 CTLR 517, 518 (October 19, 1992, Aurigemma, J.). "Inconsistent conduct on the part of the mortgagee, under certain circumstances, may be deemed a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456 (1989)." The Glastonbury Bank Trust Co. v. Corbett Construction Co., Inc., 7 CTLR 519, 520 (October 15, 1992), Walsh, J.). Equitable estoppel has been recognized as a defense in a foreclosure action. Tradesmens National Bank of New Haven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937).
In the present case, the plaintiff argues that the defendants' first and second special defenses are insufficient as a matter of law because each fails to come within any of the recognized defenses of common law to a mortgage foreclosure. The defendants argue that both special defenses sound in fraud and are therefore, within the recognized defenses to a foreclosure action and therefore, sufficient as a matter of law.
The "essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." First Charter National Bank v. Ross, 29 Conn. App. 667, CT Page 4086 670 (1992).
In viewing the evidence in the light most favorable to the pleader, the Court finds that the defendants' first and second special defenses do state legally sufficient claims of fraud. The defendants assert that the plaintiff falsely represented that the terms of the loan were final prior to the closing and that this statement was untrue as the bank changed the terms at the closing and forced the defendants to "absorb" part of an unrelated debt and to mortgage their home. The defendants' claim that plaintiff's representation that the terms were final induced them into making $200,000.00 in improvements to the subject property which worked to their detriment because they had no choice but to acquiesce in the additional terms.
For the foregoing reasons, the Court finds that the defendants' two special defenses in dispute are legally sufficient in that each states a claim of fraud. Fraud is a recognized defense in a foreclosure action.
The Motion to Strike (#120) is denied and the defendants' objection thereto is sustained.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court