[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES #122MOTION TO STRIKE COUNTERCLAIMS #124
In the present action the plaintiff seeks to foreclose a mortgage executed by the defendants, Douglas and Marjorie Perkins, on June 22, 1984. On June 6, 1994, the defendants filed an answer setting forth eight special defenses and a ten-count counterclaim. On September 6, 1994, the plaintiff filed a motion to strike all eight special defenses (#122) and a motion to strike the first, second, third, fourth, sixth, eighth, ninth and tenth counterclaims (#124), along with supporting memorandums of law. On September 13, 1994, the defendants filed a memorandum of law in opposition to CT Page 11181 both motions to strike.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint [or] counterclaim . . . to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1); Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5);Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161, 171,540 A.2d 1185 (1988).
A. Motion to Strike Special Defenses #122
Practice Book § 164 provides in pertinent part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.,
Thus, "[a] special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action . . . ."Northeast Savings, F.A. v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.).
A special defense to a foreclosure action must address the making, validity or enforcement of the mortgage. Lafayette Bank Trust Co. v. D'Addario, 10 Conn. L. Rptr. 224 (November 28, 1993, Maiocco, J.); Shoreline Bank Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524 (April 26, 1993, Cellotto, J.); Bristol Savings Bankv. Miller, 7 Conn. L. Rptr. 517, 518 (October 19, 1992, Aurigemma, J.). The following special defenses are available in a foreclosure action: CT Page 11182
 (a) payment, discharge, release, satisfaction, invalidity of a lien; Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927); Shawmut Mortgage Co. v. Febbroriello, 7 CSCR 1226, 1227 (September 29, 1992, Pickett, J.); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327, 328 (Super.Ct. 1944);
 (b) unconscionable rate of interest; Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946
(1988);
 (c) abandonment of security; Glotzer v. Keyes, 125 Conn. 227, 232, 5 A.2d 1 (1939); and
 (d) usury; Atlas Realty Corp. v. House, 120 Conn. 661, 666, 183 A. 9 (1936).
"[A] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor, supra, 180 Conn. 497. The equitable defenses of mistake, accident and fraud may be raised in a foreclosure action. Petterson v.Weinstock, supra, 106 Conn. 442. The defense of equitable estoppel may be raised in a foreclosure action. Tradesman's National Bank ofNew Haven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937). Also, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989).
The defendants' third, fourth, fifth and seventh special defenses respectively raise the defenses of fraudulent misrepresentation, negligence in the calculation and adjustment of interest rates and payments, failure to adjust the rate of interest annually, and that the plaintiff "overcharged and gouged" based on its failure to adjust and reduce the applicable rate of interest. The plaintiff challenges these special defenses on the ground that they are not recognized special defenses to a foreclosure action. A special defense which sounds in fraud was recognized in Pettersonv. Weinstock, supra, 106 Conn. 442. The fourth, fifth and seventh special defenses, which challenge the plaintiff's calculation and adjustment of the applicable interest rate, are valid special defenses in light of the court's discretion to reduce an allegedly CT Page 11183 unconscionable rate of interest and the amount of the stated indebtedness based on "equitable considerations and principles."Hamm v. Taylor, supra, 180 Conn. 497. Accordingly, the court denies the plaintiff's motion to strike with respect to the third, fourth, fifth and seventh special defenses.
In support of their first special defense, the defendants allege that the plaintiff failed to comply with the Truth in Lending Act, Fed. Reg. Z, §§ 226.18 and 226.22 (TILA). In moving to strike the first special defense, the plaintiff argues that an alleged violation of TILA is not a recognized special defense to a foreclosure action.
Allegations that the plaintiff violated TILA by improperly calculating the applicable interest rate and by failing to give notice with respect to changes in the interest rate do not affect the validity of the mortgage which the plaintiff seeks to foreclose, and therefore, do not show that the plaintiff has no cause of action. Thus, the defendants' first special defense is legally insufficient.
In the second special defense, the defendants allege that the plaintiff violated General Statutes § 36-442 because it failed to notify the defendants of the necessary escrow amounts for taxes. The plaintiff moves to strike this defense on the ground that § 36-442
is a "definitional" statute which does not pertain to "escrow amounts" and "required notice."
General Statutes § 36-442 contains definitions of certain terms which pertain to mortgage processing, and does not provide any remedy for a mortgagor. Sections 36-442, 36-442a and 36-442b (Chapter 660b) do not pertain to "escrow accounts" and "notice." The statute that applies to escrow accounts is General Statutes § 36-442n (Chapter 660c, titled "Mortgage Servicing"). Section 36-442n(b) provides in pertinent part that "[e]ach mortgage servicing company shall . . . determine and notify the mortgagor of the amounts necessary to be paid into the escrow account . . . ."
Even if the court construes the second special defense as a defense asserted pursuant to § 36-442n(b), such a defense does not go to the validity of the mortgage and does not show that the plaintiff has no cause of action. Thus, the second special defense is legally insufficient.
In their sixth special defense the defendants allege that for CT Page 11184 a period of six years, the plaintiff failed to provide the defendants with notice of the imposition of late fees within sixty days of the imposition of such fees, as required by General Statutes § 49-6(b). There is no § 49-6(b) as § 49-6 has been repealed. There currently exists a General Statutes § 49-6b which defines certain terms used in §§ 49-6c and 49-6d. Nevertheless, § 49-6b, as a statute which defines terms used in other statutes, does not provide a basis for asserting a legally sufficient special defense to the plaintiff's foreclosure action.
In support of their eighth special defense, the defendants allege that the plaintiff waived its right to increase the interest rate due to the fact that it intentionally failed to change the interest rate for a period in excess of six years. "Inconsistent conduct on the part of the mortgagee, under certain circumstances, may be deemed a waiver of a right to accelerate the debt." TheGlastonbury Bank Trust Co. v. Corbett Construction Co., Inc.,7 Conn. L. Rptr. 519, 520 (October 15, 1992, Walsh, J.), citingChristensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456 (1989). In the present case, the defendants do not allege that the plaintiff waived its right to accelerate the debt. Rather, the defendants merely allege that the plaintiff has waived its right to increase the interest rate with respect to the note and mortgage. Even if the defendants proved these allegations, their special defense does not address the making, validity or enforcement of the mortgage, and therefore, would not show that the plaintiff has no foreclosure cause of action. Therefore, the eighth special defense is legally insufficient.
The plaintiff's motion to strike special defenses (#122) is granted with respect to the first, second, sixth and eighth special defenses, and denied with respect to the third, fourth, fifth and seventh special defenses.
B. Motion to Strike Counterclaims #124
The plaintiff moves to strike the first, second, third, fourth, sixth, eighth, ninth and tenth counterclaims. Practice Book § 116 provides in pertinent part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction . . . which is the subject of the plaintiff's complaint . . . ."
In support of the first counterclaim, the defendants allege CT Page 11185 that the plaintiff breached an express contract by failing to adjust the interest rate and by improperly calculating the applicable interest rate. The plaintiff argues that the first counterclaim is legally insufficient because the defendants fail to specify the terms of the agreement which were allegedly breached, and because the defendants fail to allege how they were damaged as a result of the alleged breach.
Upon review of the first counterclaim, the defendants adequately allege that the plaintiff breached those terms in the mortgage, note and subsequent modification agreement which relate to the calculation of the applicable rate of interest. The defendants also allege that they suffered damages because the interest rate was not properly calculated by the plaintiff. Thus, the defendants' first counterclaim is legally sufficient.
In the second counterclaim the defendants allege that the plaintiff is estopped from charging a higher rate of interest based on its failure to properly and timely compute the applicable rate. The plaintiff moves to strike this counterclaim on the ground that the defendants fail to allege how they were prejudiced by the plaintiff's actions.
The elements of an equitable estoppel claim are that "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Hanover Insurance Co. v. Fireman's FundIns. Co., 217 Conn. 340, 351, 586 A.2d 567 (1991). Upon review of the second counterclaim, the defendants have failed to plead the elements of an estoppel claim. Thus, the second counterclaim is legally insufficient.
In the third counterclaim the defendants allege that the plaintiff was negligent in the computation of the interest rate and in its accounting procedures. The plaintiff moves to strike this counterclaim on the ground that the defendants fail to allege actual damages that may have occurred as a result of the alleged negligence. Upon review, the third counterclaim contains sufficient allegations with respect to injuries and damages allegedly sustained by the defendants as a result of the plaintiff's negligence. Accordingly, the plaintiff's motion to strike the third counterclaim is denied. CT Page 11186
In the fourth counterclaim the defendants allege that because the plaintiff knowingly failed to adjust the interest rate each year, it waived its right to raise the interest rate on the note and mortgage. "Waiver is the intentional relinquishment of a known right." Hanover Insurance Co. v. Fireman's Fund Ins. Co., supra,217 Conn. 351 (1991). The fourth counterclaim states a legally sufficient waiver claim. Thus, the plaintiff's motion to strike is denied as to the fourth counterclaim.
In the sixth counterclaim the defendants allege that the plaintiff violated General Statutes § 49-6(b) by failing to give the defendants notice of the imposition of late charges. The defendants are attempting to assert a statutory cause of action pursuant to a statute (§ 49-6) which has been repealed. Even if the court were to read the defendants' claim as a claim brought pursuant to § 49-6b, the claim would be legally insufficient because § 49-6b does not provide for a cause of action for failure to give notice of late charges. Thus, the sixth counterclaim is legally insufficient.
In the eighth counterclaim, the defendants assert a claim against the plaintiff pursuant to the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA). The plaintiff moves to strike this counterclaim on the ground that the defendants fail to allege that they sustained an "ascertainable loss" as required by § 42-110g.
"The ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief." Hinchliffe v.American Motors Corporation, 184 Conn. 607, 615, 440 A.2d 810
(1981). "While CUTPA damages need not be proven with absolute precision, the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute." A. Secondino and Son Inc. v. LoRicco, 215 Conn. 336,344, 576 A.2d 464 (1990).
Upon review the defendants allege in the eighth counterclaim that they have sustained injuries as a result of the plaintiff's alleged CUTPA violation. Thus, the plaintiff's motion to strike the eighth counterclaim is denied.
In the ninth counterclaim, the defendants allege that the plaintiff violated General Statutes § 36-442 by failing to give the defendants notice of the amounts necessary to maintain an escrow CT Page 11187 account. The ninth count is legally insufficient because the defendants are attempting to assert a statutory claim pursuant to a statute which contains definitions of terms used in other statutes, and which does not create a cause of action for failure to give notice with respect to an escrow account. Thus, the ninth counterclaim is legally insufficient.
The plaintiff moves to strike the tenth counterclaim on the ground that it fails to state a cognizable cause of action. While the plaintiff has alleged numerous factual allegations in the tenth counterclaim, these allegations do not amount to a recognizable cause of action under any legal or equitable theory. Thus, the tenth counterclaim is legally insufficient.
The plaintiff's motion to strike counterclaims (#124) is granted with respect to the second, sixth, ninth and tenth counterclaims, and denied with respect to the first, third, fourth and eighth counterclaims.
BALLEN, J.