[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW CONCERNING PLAINTIFF'S PLAINTIFF'S MOTIONTO STRIKE SPECIAL DEFENSES
The plaintiff, the Federal Deposit Insurance Company (FDIC), as receiver for the Mechanics and Farmers Savings Bank (MFSB), brings the present action to foreclose on a mortgage executed by the defendant, 1200 Main Street Associates, L.P. (hereinafter referred to as 1200 Main Street). The FDIC alleges that on December 30, 1986, MFSB loaned $320,000.00 to 1200 Main Street pursuant to a promissory note (the first note), secured by a mortgage on property owned by 1200 Main Street. On December 30, 1986, defendants Frank Maresca, Richard Perles, Pasqualie Piscitelli and Ernest Svendson (the guarantor defendants) executed a written guaranty in favor of MFSB. On June 26, 1987, MFSB loaned an additional $105,000.00 to 1200 Main Street pursuant to a promissory note (the second note), secured by a second mortgage on 1200 Main Street's property. Other individual defendants allegedly signed a personal guaranty as additional security for the second note.
On November 1, 1988, 1200 Main Street allegedly defaulted on both notes. On November 6, 1989, MFSB brought suit against the various defendants to foreclose on the mortgaged property. On August 9, 1992, the FDIC, as receiver for MFSB, succeeded to all rights, title and interest in certain assets of MFSB. The FDIC alleges that it is the owner and holder in due course of the first and second notes.
On November 14, 1991, the guarantor defendants filed a revised CT Page 1544 answer and five special defenses. In support of their first special defense, the guarantor defendants allege that they are discharged from their obligations under the guaranties pursuant to the equitable doctrine of laches due to the FDIC's failure to provide them with notice of the default by 1200 Main Street. In the second special defense, the guarantor defendants allege that they are discharged "pro tanto" because of the FDIC's failure to provide them with notice of the default. In the third special defense, the guarantor defendants allege that the FDIC's failure to provide them with notice of default constitutes a violation of the Connecticut Unfair Trade Practice Act, General Statutes § 42-110a et seq. (CUTPA). In the fourth special defense, the guarantor defendants claim that the FDIC breached its fiduciary duty by failing to provide them with notice of the default. In support of their fifth special defense, the guarantor defendants claim that the FDIC breached the implied covenant of good faith and fair dealing by failing to provide them with notice of the default.
On January 27, 1993, the FDIC filed a motion to strike the special defenses (#147), along with a memorandum of law. The FDIC seeks to strike all five defenses on the following grounds: (1) that the special defenses ar [are] not recognized under Connecticut foreclosure law; (2) that the special defenses are improperly termed and actually constitute counterclaims which should have been brought pursuant to the procedure set forth in 12 U.S.C. § 1821(d); and (3) that the special defenses are invalid against the FDIC pursuant to the D'Oench Dhume doctrine and12 U.S.C. § 1823(e). The FDIC also raises other grounds for striking the guarantor defendants special defenses in its memorandum of law. On March 17, 1993, the guarantor defendants filed a memorandum in opposition to the FDIC's motion to strike (#152). On April 16, 1993, the FDIC filed supplemental memorandum in support of its motion to strike (#155).
The Law
A motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading: Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital,208 Conn. 161, 171, 540 A.2d 1185.
The FDIC argues that all five of the guarantor defendants' special defenses are legally insufficient because these defendants in signing the guaranty agreements, waived their right to notice. The FDIC argues CT Page 1545 that the guaranty agreements, which are attached as exhibits F, G, H and I to the amended complaint, contain language which states that the mortgagee does not have to provide the guaranty defendants with notice of default.
Practice Book § 164 provides in pertinent part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
Thus, "[a] special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action . . . ."Northeast Savings F.A. v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.).
A special defense to a foreclosure action must address the making, validity or enforcement of the mortgage. Lafayette Bank Trust Co. v.D'Addario, 10 Conn. L. Rptr. 224 (November 28, 1993, Maiocco, J.);Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522, 524 (April 26, 1993, Cellotto, J. ); Bristol Savings Bank v. Miller,7 Conn. L. Rptr. 517, 518 (October 19, 1992, Aurigemma, J.). The following special defenses have been found to be available in a foreclosure action:
 (a) payment, discharge, release, satisfaction, invalidity of a lien; Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927); Shawmut Mortgage Co. v. Febbroriello, 7 CSCR 1226, 1227 (September 29, 1992, Pickett, J.); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327, 328 (Super.Ct. 1944);
 (b) unconscionable rate of interest; Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1988);
 (c) abandonment of security; Glotzer v. Keyes, 125 Conn. 227, 232, 5 A.2d 1 (1939); and 1
 (d) usury; Atlas Realty Corp. v. House, 120 Conn. 661, 666 183 A. 9 (1936).
"[A] trial court in foreclosure proceedings has discretion, on CT Page 1546 equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v.Taylor, supra, 180 Conn. 497. The equitable defenses of mistake, accident and fraud may be raised in a foreclosure action. Petterson v. Weinstock, supra, 106 Conn. 442. The defense of equitable estoppel may be raised in a foreclosure action. Tradesman's National Bank of New Haven v.Minor, 122 Conn. 419 422-25, 190 A. 270 (1937). Also, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989).
This court has not found any reported decisions in which A Connecticut court recognized failure to give notice of default as a special defense to a foreclosure action. To the contrary, this special defense was held to be legally insufficient in Bank of New Haven v.Liner, Docket No. 34516, Superior Court, Judicial District of Ansonia/Milford at Milford (April 1, 1993, Curran, J.) and BristolSavings Bank v. Miller, 7 Conn. L. Rptr. 517 (October 19, 1992), Aurigemma, J.).
Even if this court were to consider failure to give notice of default as a defense which affects the plaintiff's right to enforce the mortgage, such a special defense would be legally insufficient in the present case. The guaranty agreements, Exhibits F (signed by Maresca by his attorney in fact), G (signed by Perles), H (signed by Piscatelli), and I (signed by Svendsen by is attorney in fact) to the amended complaint all contain the following language.
 The undersigned . . . agrees to waive notice of any default by any party liable on said note and any requirement that [MFSB] take any action against any party liable on said note as a condition to the exercise by [MFSB] of its rights against the undersigned.
In their answer, the guarantor defendants admit that Exhibits F, G, H, and I are copies of their respective guaranty agreements.
In Savings Bank of New Britain v. Weed, 121 Conn. 414,185 A.2d 571 (1936), the guaranty agreement at issue provided that the guarantors "expressly waive all demand and notice of protest." Id. 419. The court held that the guarantors "became liable to pay the note without demand upon the maker or notice of default." Id., 420. As under terms of the CT Page 1547 guaranty agreements the guarantor defendants in the present case are liable to pay on the note without prior demand or notice of default, their special defenses, which are all based on the plaintiff's alleged failure to provide them with notice of default, must be considered legally insufficient.
Accordingly, the plaintiffs' motion to strike is granted as to all five special defenses.
LAWRENCE L. HAUSER