HILTON C. HAMM *v.* PATRICIA TAYLOR ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued March 11—decision released May 6, 1980

*Laurence M. Wood,* for the appellant (plaintiff).

*Jeffrey R. Martin,* with whom, on the brief, was *Richard C. Robinson,* for the appellee (named defendant).

*Morris Apter,* with whom, on the brief, was *Daniel B. Kenney,* for the appellee (defendant Self-Service Sales Company).

PETERS, J. This case arises out of the decision by the trial court, in conjunction with an action of foreclosure, to reduce the rate of interest below that stated in a mortgage note. The plaintiff, Hilton C. Hamm, on June 15, 1978, commenced an action of foreclosure pursuant to a mortgage and note executed by the defendant, Patricia Taylor. Also named as defendants were the Self-Service Sales Company, a judgment lienor, Arthur A. Watson & Co., Inc., and the West Hartford Credit Union, both attachment creditors, and the town of Marlborough, which held a demolition lien on the mortgaged property. All defendants appeared by counsel, failed to plead and were defaulted, and a judgment of foreclosure by sale was rendered. That judgment was subsequently opened to correct a clerical error concerning the date of default; this opening is not challenged by any party on this appeal. The plaintiff does appeal from the determination by the trial court, *Bieluch, J.,* in the course of the foreclosure proceedings, to limit the recoverable rate of interest on the mortgage debt to 12 percent.

The facts concerning the execution of the note and the mortgage are undisputed. The defendant Patricia Taylor executed a promissory note in the amount of $20,000 to the plaintiff Hilton C. Hamm on October 19, 1973. The note was secured by a mortgage on property in Marlborough then occupied in part

by a roadside tavern. Thereafter the tavern burned to the ground and it has not been rebuilt. The mortgage has been in default since June 5, 1977; no part of the principal amount has ever been repaid. None of the parties contested the propriety of foreclosure by sale.

The sole issue on this appeal is the trial court's conclusion that certain terms of the mortgage were unconscionable and hence unenforceable in an equitable proceeding of foreclosure. The note provided for interest payments at the rate of 15 percent per annum, payable monthly, and for a late charge of 10 percent of said monthly interest payments if payments were overdue. The court found that these two terms, taken in the aggregate, created an effective annual rate of interest of 16½ percent. Despite the exemption of bona fide mortgages, by virtue of General Statutes § 37-9,[1] from the 12 percent interest rate ceiling of General Statutes § 37-4,[2] the court determined that the interest terms of the mortgage note, although not usurious, were unconscionable and inequitable and hence unenforceable. It therefore reduced the plaintiff's claim for interest out of the proceeds of the foreclosure by sale to an interest

[1] Section 37-9 provides in relevant part: "LOANS TO WHICH PROHIBITIONS DO NOT APPLY. The provisions of sections 37-4 . . . shall not affect . . . any bona fide mortgage of real property for a sum in excess of five thousand dollars . . . . For the purpose of this section, 'interest' shall not be construed to include attorney's fees, including preparation of mortgage deed and note, security agreements, title search, waivers and closing fees, survey charges or recording fees paid by the mortgagor . . . ."

[2] Section 37-4 provides: "LOANS AT GREATER RATE THAN TWELVE PER CENT PROHIBITED. No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 21-44, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

rate calculated at 12 percent per annum. The court disallowed entirely the late charges provided in the mortgage note. The plaintiff argues that these conclusions of the trial court lacked a sufficient factual basis and were therefore in error. We agree.

It is important to note the procedural setting that gave rise to the trial court's conclusion that the mortgage note's provisions for interest were unconscionable. In the proceedings that led to the judgment of foreclosure, no defendant had raised any defense whatsoever. A fortiori no one had filed any pleadings raising any issue of usury or illegality or unconscionability. Nor had the court been asked by any party to reform the mortgage or the mortgage note by reason of fraud or duress or mistake. At the foreclosure hearing, the court received the plaintiff's uncontested affidavits of appraisal and of debt; no other evidence was proffered or taken. The court, invited by counsel to consider the possible unenforceability of the contested interest rate terms, invoked its equitable powers and rendered its judgment.

The only facts before the court when it reached its conclusion of unconscionability were the terms of the mortgage note itself. As to these terms, the court knew that the monthly interest rate exceeded that normally permitted for ordinary debts but did not exceed the rate for bona fide mortgages securing a debt in excess of $5000. General Statutes §§ 37-4 and 37-9. There was no evidence that the mortgage was not bona fide. There was no doubt that the mortgage debt, found to be $20,000, exceeded $5000.

Before a court strikes down as unconscionable the terms of a note that the legislature has deemed not

to be illegal; *Columbus Industrial Bank* v. *Miller,* 125 Conn. 313, 320, 6 A.2d 42 (1939); the court should permit a factual showing of the circumstances that led to the inclusion of the challenged terms in the note or mortgage. The Uniform Commercial Code's provision concerning unconscionability; General Statutes § 42a-2-302; although addressed primarily to contracts for the sale of goods, furnishes a useful guide. See generally Leff, "Unconscionability and the Code — The Emperor's New Clause," 115 U. Pa. L. Rev. 485, 546, 550–53 (1967); Ellinghaus, "In Defense of Unconscionability," 78 Yale L.J. 757, 812–14 (1969). Subsection (2) of § 42a-2-302 states: "When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination." Whether interest rates are unconscionable is a question that should not be decided simply by judicial surmise about prevailing prime interest rates. The financial circumstances of the borrower, the increased risk associated with a second mortgage,[3] and the income-producing capacity of the mortgaged property are some of the questions of fact that might appropriately be explored to shed light on whether a designated interest rate is or is not unconscionable. As Official Comment 1 to § 2-302 of the Uniform Commercial Code suggests, "[t]he basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved

---

[3] In this case it is clear that the trial court did not discover that there was a prior first mortgage on the property until some time after it had concluded that the interest rate terms were unconscionable.

are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract."

The defendants place heavy reliance on *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 183 A. 9 (1936), as authority for the action taken by the trial court. That reliance is misplaced. In *Atlas Realty,* supra, 671–72, the court refused to permit a mortgagee who chose to sue on its note the right to invoke, by way of demurrer, the statutory exception from the usury law that is available to bona fide mortgagees. The court's admonition (p. 670) that exceptions for mortgages should be read strictly when the mortgagee chooses not to foreclose is not pertinent to this case, in which the mortgagee has gone the foreclosure route. The court's reference (p. 670) to the power of a court to invoke equitable considerations to reform a mortgage in foreclosure proceedings must be read in conjunction with the court's holding about the manner in which equitable considerations are to be tested. *Atlas Realty* held (p. 671) that the bona fides of a mortgage, the possible use of a mortgage to evade the usury statutes, were questions of fact and that the creditor's demurrer to a defense of usury should therefore have been overruled. Such a holding is not tantamount to a conclusion that unconscionability is to be determined, as a question of law, merely by reference to the terms of the challenged instruments.

A closer precedent is to be found in a case arising under the Bankruptcy Act, in which a bankruptcy referee, also invoking equitable principles, held unconscionable interest rates of more than 18 percent in security agreements involving the assign-

ment of accounts receivable. *In re Elkins-Dell Mfg. Co.*, 253 F. Sup. 864, 873–74 (E.D. Pa. 1966). As in our case, the *Elkins-Dell* referee had "viewed the question solely as a matter of law, to be judged from 'the terms of the contract, which speaks for itself.' " Id., 873. The District Court held that the referee was in error in not considering the commercial environment that led to the inclusion of onerous terms in the contracts before him, since the contracts themselves could not reveal whether they were the result of imposition on the debtor or of justifiable precaution on the part of the creditor.

We affirm that a trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness. See *Hartford Federal Savings & Loan Assn.* v. *Lenczyk*, 153 Conn. 457, 463, 217 A.2d 694 (1966); *Glotzer* v. *Keyes*, 125 Conn. 227, 231, 5 A.2d 1 (1939); *Brand* v. *Woolson*, 120 Conn. 211, 214, 180 A. 293 (1935); *Mackey* v. *Dobrucki*, 116 Conn. 666, 670, 166 A. 393 (1933); *Beach* v. *Isacs*, 105 Conn. 169, 134 A. 787 (1926). The court may not, however, exercise that discretion without affording to the mortgagee a reasonable opportunity, at a reasonable time, to make a factual showing of the particular commercial circumstances that may make reasonable a seemingly inequitable term in a mortgage or mortgage note. Cf. *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 567–77, 409 A.2d 1020 (1979). Equitable power must be exercised equitably.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.