[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action to foreclose a mortgage, the plaintiff has moved to strike a special defense.
In response to a motion for disclosure of defense, the defendants had disclosed their claims:
"1. That defendants tendered full and reasonable payment of the debt to plaintiff through offer of a deed rendering plaintiff's title absolute at a time when the fair value of the property was in excess of the debt.
2. That plaintiff's refusal to accept payment by deed and its subsequent delay and failure to respond to defendants' proposal to sell the property free and clear to a bona fide third party purchaser, which would have paid substantially all of the debt with a minimal deficiency, causing defendants to lose the proposed sale and face a larger deficiency as the market continues to decline, constitute breaches of the obligation of good faith and fair dealing and unclean hands on plaintiff's part as should bar it from equitable remedy foreclosure."
The defendants had not filed any answer either at the time the motion to strike was filed or at the time of argument of the motion on short calendar. For that reason, the motion to strike should be denied as premature.
However, addressing the issue as if the answer had been filed, the court believes it is possible for the defendants to make a factual showing under the first defense which would warrant a limitation of the interest and other charges to which the plaintiff might be entitled from the date of tender. Whether such a showing would survive a motion for summary judgment, the possibility negates the granting of a motion to strike. As the Supreme Court indicated in Hamm v. Taylor,180 Conn. 491, 497, 429 A.2d 946 (1980), "We affirm that a trial court in foreclosure proceedings has discretion, on equitable CT Page 1047 considerations and principles, to withhold foreclosure or to reduce the amount of stated indebtedness. . . ." See, Citicorp Mortgage, Inc. v. Upton, 42 Conn. Sup. 302 (1992).
The motion to strike is denied.
NIGRO, J.