[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE HEARING IN DAMAGES
Plaintiff brings this action on a guaranty of a promissory note. A default was entered by the court August 1, 1992. The court then ordered this matter to be presented on the hearings in damages list. It was heard September 13, 1992 and the last memorandum of law was received September 23, 1993. The only issue is in regard to plaintiff's right to collect late charges and attorneys' fees.
The default was predicated on the complaint of November 18, 1991.
Facts
On January 31, 1989 45 Allen Associates Limited Partnership executed a promissory note for $425,000 to plaintiff. On that same date defendant Richard R. Rangoon (hereafter defendant) executed a guaranty of that note. The note was secured by a second mortgage on real property known as 45 Allen Place, Hartford, Connecticut.
In relevant part, the note contains the following provisions:
"Said note shall be payable as follows:
 This loan shall have a term of FIVE (5) years and shall bear interest at the rate of NINE PERCENT (9.00%) per annum on the unpaid balance. On FEBRUARY 28, 1992 Maker shall pay to Lender the sum CT Page 83 of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), which sum shall be applied as follows:
 Principal $50,000.00 Interest $25,000.00
 On FEBRUARY 28, 1994 the entire unpaid principal sum plus accrued, uncapitalized, unpaid interest shall be due and payable in full.
The note has an extensive default clause. That clause was breached. The note provides for the payment of reasonable attorneys' fees incurred in the collection of the note.
Reasonable attorneys' fees are awarded in spite of the possible problem raised by practice book 111.
The complaint of November 18, 1991 contains no claim for late charges. The application for a prejudgment remedy filed by plaintiff dated November 18, 1991 is for $600,000. At that time the total claim for principal and interest was $538,186.67. The court can find no amendment to the original complaint.
There is an obvious error in the late charge provision as no "monthly installment" was ever contemplated.
In analyzing a claim for breach of any contract where a penalty, "late charges", or liquidated damages is sought, the court's function is to do justice.
The court does not strike this late charge clause. cf. Hamm v. Taylor, 180 Conn. 491. The court merely holds that the clause is patently erroneous.
The burden of proof in situations such as this is upon the claimant. Vines v. Orchard Hills, Inc., 181 Conn. 502,511. Plaintiff has failed to sustain that burden.
The amount due plaintiff is the total of the principal of $425,000, the interest at 9% per year from January 31, 1989 to date, and attorneys' fees of $4,000,[.]
N. O'Neill, J. CT Page 84