[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#117)
On May 18, 1995, the plaintiffs, Dorothy and Newton Hunt, commenced this foreclosure action against the defendant, Joseph Guimond, seeking strict foreclosure on a certain parcel of land for default on a note from Joseph Guimond to Dorothy and Newton Hunt, dated October 19, 1992.
On November 27, 1995, the defendant filed an answer, six special defenses, six corresponding counterclaims and a set-off. The defendant's special defenses are the following: a breach of contract claim, a breach of the implied covenant of good faith and fair dealing, a claim for unmarketable title, a breach of the implied covenant of good faith and fair dealing by delivering unmarketable title, fraudulent misrepresentation, and breach of implied covenant of good faith and fair dealing based on the plaintiffs' fraudulent statements.
The plaintiffs filed a motion to strike the first four special defenses and corresponding counterclaims, together with a memorandum of law, on December 11, 1995. The defendant filed an opposition brief on January 9, 1996.
A motion to strike is proper when a party challenges special defenses and counterclaims contained in the pleadings. Practice Book § 152(5). The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v.Frankel, 228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Furthermore, "the court is obliged to assume the truth of the allegations contained in the defendant's special defense. . . ."Ivey, Barnum, O'Mara v. Indian Harbor Properties, Inc.,190 Conn. 528, 530 n. 2, 461 A.2d 1369 (1983).
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441, CT Page 1428-CCC138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud, Petterson v. Weinstock, supra,106 Conn. 442; equitable estoppel, Tradesman's National Bank of NewHaven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury, Atlas Realty Corp. v. House,120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate, Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1988); duress, coercion, material alteration, and lack of consideration.Dime Savings Bank v. Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt.Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456 (1989).
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note. LafayetteTrust Co. v. D'Addario, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank Trust Co. v.Leninski, Superior Court, Judicial District of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.,8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J., 7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Dime Savings Bank v. Albir, supra. See also The Bank of Darien v. Wake Robin Inn, Inc., supra; EastrichMultiple Investor Fund v. Hewitt, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. Citibank v. McCue, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.); Provident Financial Service v. Berkman, Superior Court, CT Page 1428-DDD Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.)
The plaintiffs argue that the first through fourth special defenses, and the first through fourth counterclaims, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, a claim for unmarketable title, and a breach of the implied covenant of good faith and fair dealing for delivering unmarketable title, should be stricken on the ground that they do not address the making, validity or enforcement of the note and mortgage which are the subject of this foreclosure action.
The courts are consistent in holding that "[a] breach of contract claim is neither a recognized defense to a foreclosure action nor a defense in equity." Gateway Bank v. Herman, Superior Court, Judicial District of Danbury, Docket No. 315947 (October 24, 1995, Stodolink, J.); Fleet Bank v. Winthrop, Superior Court, Judicial District of Middlesex at Middletown, Docket No. 065008 (November 25, 1992, Walsh, J.). Thus, the first special defense and its corresponding counterclaim is stricken.
The defendant alleges in his answer that he entered into an agreement with the plaintiffs in 1987 to build a sea wall on the property in question that would comply with all governmental ordinances, regulations and requirements. The note in question was executed by the defendant on October 19, 1992. The defendant further alleges that in May of 1994, the Army Corps of Engineers notified the defendant that the sea wall as constructed constitutes an encroachment. The defendant further contends that when he requested that the plaintiffs comply with the requests of the Army Corps of Engineers, the plaintiffs refused. The defendant alleges that these actions constitute an implied breach of the covenant of good faith and fair dealing and that it renders the title unmarketable.
While courts have recognized equitable defenses in foreclosure actions, they are consistent in holding that they are only proper when they "attack the making, validity or enforcement of the lien. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."Dime Savings Bank v. Albir, supra; The Bank of Darien v. Wake RobinInn, Inc., supra; Federal National Mortgage Assoc. v. Wang, CT Page 1428-EEE Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.).
The special defenses and corresponding counterclaims of unmarketable title and breach of the implied covenant of good faith and fair dealing are improper since they do not attack the validity or making of the note and mortgage in question.
Accordingly, the plaintiffs' motion to strike the first four special defenses and the four corresponding counterclaims is granted.
HICKEY, J.