[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#108)
On October 5, 1995, the plaintiff, Citibank, commenced this foreclosure action against the defendants, Eric and Robin Twerdahl, seeking strict foreclosure on the defendants' home for default on a note from Eric and Robin Twerdahl to Citibank, dated October 15, 1985.
On September 28, 1995, the defendants filed an answer with the following special defenses and counterclaims: breach of an implied covenant of good faith and fair dealing, equitable estoppel, violations of the Fair Debt Collection Practices Act FDCPA), and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a.
On February 5, 1996, the plaintiff filed a motion to strike all of the defendant's special defenses and counterclaims, accompanied by a memorandum of law. On February 20, 1996, the defendants filed a memorandum in opposition to the plaintiff's motion to strike. The plaintiff, on February 20, 1996, filed a substituted motion to strike and a supplemental memorandum in support of its motion.
A motion to strike is proper when a party challenges special defenses and counterclaims contained in the pleadings. Practice Book § 152(5). The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372-73, 636 A.2d 786
(1994). It "admits all facts well pleaded; it does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc.,
R196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Furthermore, "the court is obliged to assume the truth of the allegations contained in the defendant's special defense. . . ." Ivey, Barnum, O'Mara v.Indian Harbor Properties, Inc., 190 Conn. 528, 530, n. 2461 A.2d 1369 (1983).
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and CT Page 2144 invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud, Petterson v. Weinstock,
supra, 106 Conn. 442; equitable estoppel, Tradesman's NationalBank of New Haven v. Minor, 122 Conn. 419, 422-25, 190 A. 270
(1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury, Atlas RealtyCorp. v. House, 120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate, Hamm v. Taylor, 180 Conn. 491,497, 429 A.2d 946 (1988); duress, coercion, material alteration, and lack of consideration. Dime Savings Bank v.Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. Christensen v.Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456 (1989).
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note.Lafayette trust Co. v. D'Addario, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank trust Co. v. Leninski, Superior Court, Judicial District of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J., 8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J.,7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) DimeSavings Bank v. Albir, supra. See also The Bank of Darien v. WakeRobin Inn, Inc., supra; Eastrich Multiple Investor Fund v.Hewitt, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. CitibankCT Page 2145v. McCue, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.);Provident Financial Service v. Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.)
The plaintiff argues that the defendants' first special defense, alleging breach of the implied covenant of good faith and fair dealing, should be stricken on the ground that it does not attack the making, enforcement or validity of the note.
The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the parties in the performance or enforcement of every contract. Magnan v. Anaconda Industries,Inc., 193 Conn. 558, 566, 479 A.2d 781 (1984), citing Restatement (Second) Contracts § 205 (1979). "Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those; terms are contrary to public policy." Id., 567. "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles, . . . a defendant must plead sufficient facts to justify its application." (Citation omitted.) Shawmut Bank v.Carriage Hill Estates, Inc., Superior Court, Judicial District of Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
The defendants have failed to allege any facts which show a breach of the covenant of good faith. The defendants fail to allege that the expectations of the contracting parties were other than those embodied in the note and mortgage. Furthermore, the defendants' allegations do not attack the making, validity, or enforcement of the note itself. See Dime Savings Bank v.Albir, supra; Citibank v. McCue, supra. Accordingly, the defendants' first special defense is stricken.
The plaintiff argues that the defendants' second special defense, alleging equitable estoppel, should be stricken on the grounds that the defendants fail to allege facts that give rise to an equitable estoppel defense and the special defense does not attack the making, validity or enforcement of the note. CT Page 2146
"Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party . . . . For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." (Citations omitted; internal quotation marks omitted.) Rosenfield v. Metals Selling Corp. 229, Conn. 771, 793 94, 643 A.2d 1253 (1994). The facts alleged in the defendants' answer do not demonstrate any detriment suffered by the defendants nor do the defendants demonstrate that they changed their position in reliance on the plaintiff's statements or that they incurred injury. Moreover, equitable estoppel defenses are limited to those that attack the making, validity or enforcement of the lien. Teachers Insurance v. Broad andHanrahan, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132304 (June 28, 1995, Hickey, J.);Lawall Realty, Ltd. v. Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); National Mortgage Co. v. McMahon, Superior Court, Judicial District of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J., 9 CSCR 300). Thus, the defendants' second special defense is stricken.
The plaintiff argues that the defendants' third special defense, alleging breach of implied covenant of good faith and fair dealing, should be stricken for the same reasons that the first special defense should be stricken.
The first and third special defenses are identical. Thus, the third special defense is insufficient for the same reasons that the first special defense is insufficient. The defendants' third special defense is stricken.
The plaintiff argues that the defendants' counterclaims should be stricken because they are legally insufficient and not valid counterclaims in a foreclosure action. The defendants argue that the motion to strike is defective on its face since it does not provide a basis or reason for striking the counterclaims as required by Practice Book § 154.
In Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988), the supreme court affirmed the appellate court's decision to uphold the defendant's motion to strike. The plaintiff in Rowe
CT Page 2147 argued that the defendant's motion to strike was fatally defective because it failed to comply with Practice Book § 154. The court stated that "the motion as supplemented by the memorandum of law is adequate to submit to the court the material issue concerning the alleged flaw in the plaintiff's complaint and was, therefore sufficiently specific to comply with Practice Book § 154." The plaintiff's motion to strike as accompanied by its memorandum of, law is sufficient to comply with Practice Book § 154. Furthermore, the plaintiff has cured the defect by filing a substituted motion to strike that provides a basis for striking the counterclaims. Thus, the plaintiff's motion to strike should be considered as to the counterclaims.
The plaintiff argues that the defendants' first counterclaim, alleging a violation of the Federal Fair Debt Collection Practices Act (FDCPA), should be stricken on the grounds that it is inapplicable to the plaintiff and it does not attack the making, validity or enforcement of the note.
The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "By definition, . . . a creditor collecting its own debt is not a debt collector. The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors." (Internal quotation marks omitted.) Connecticut National Bank v.Carbonella, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 299477 (August 19, 1993, Leheny, J.). Furthermore, "the Act expressly does not apply to any officer or employer of a creditor while, in the name of the creditor, collecting debts for such creditor." (Internal quotation marks omitted.) Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.). The first counterclaim is insufficient because by definition the plaintiff is not a debt collector within the meaning of the FDCPA and therefore is not subject to the statute. Therefore, the defendants' first counterclaim is stricken.
The plaintiff argues that the defendants' second counterclaim, alleging violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., CT Page 2148 should be stricken on the ground that the defendants have failed to allege the required elements in order to adequately plead a violation of CUTPA.
The criteria used to determine whether certain practices violate CUTPA are: "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." (Alterations in original, internal quotation marks omitted.)Associated Investment Co. Ltd. Partnership v. Williams AssociatesIV, 230 Conn. 148, 645 A.2d 505 (1994)
The defendants allege in their counterclaim that "the plaintiff bank engaged in a course of conduct where it denied receipt of certain materials requested, left computerized telephone messages demanding payment from the defendants, . . . and employees or other persons employed by the plaintiff attempted to gain physical access to defendants residence without properly identifying themselves." (Defendants' Answer, Special Defenses and Counterclaims, ¶ 2-4). It is submitted that the defendants have failed to allege any of the requisite elements needed in order to state a claim under CUTPA since they have not alleged that the plaintiff's acts offend public policy, are unethical, or that the plaintiff has created substantial injury for the defendants. Additionally, the defendants has not alleged facts sufficient to demonstrate that the plaintiff's practices affected the making, validity, or enforcement of the note.People's Bank v. Guttman, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 306692 (February 28, 1995, Hauser, J.). Thus, the defendants' second counterclaim is stricken.
Accordingly, the plaintiff's motion to strike the defendants' special defenses and counterclaims is granted in its entirety.
HICKEY, J. CT Page 2149