[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
On October 5, 1995, the plaintiff, Federal National Mortgage Association, commenced this foreclosure action against the defendants, Geoffrey Foston, Founders Bank, Federal Deposit Insurance Corporation, and National Loan Investors, seeking strict foreclosure on Foston's home for default on a note from Foston to Union Trust Company, dated October 21, 1977.[1]
On December 8, 1995, the defendant filed an answer with special defenses alleging that on September 12, 1995, the defendant entered into a sales contract with a prospective buyer and had sought releases of various encumbrances on the property.
On February 15, 1996, the plaintiff filed a motion to strike the defendant's special defenses, accompanied by a memorandum of law. The defendant has not filed a memorandum in opposition to the CT Page 2216 plaintiff's motion to strike.
A motion to strike is proper when a party challenges special defenses contained in the pleadings. Practice Book § 152(5). The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Furthermore, "the court is obliged to assume the truth of the allegations contained in the defendant's special defense . . . ."Ivey, Barnum, O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,530 n. 2, 461 A.2d 1369 (1983).
The plaintiff argues that the defendant's special defenses should be stricken because they do not attack the validity or making of the note itself.
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud; Petterson v. Weinstock, supra,106 Conn. 442; equitable estoppel; Tradesman's National Bank of NewHaven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury; Atlas Realty Corp. v. House,120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1988); duress, coercion, material alteration, and lack of consideration.Dime Savings Bank v. Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt.Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456 (1989). CT Page 2217
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note. LafayetteTrust Co. v. D'Addario, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank Trust Co. v.Leninski, Superior Court, Judicial District of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.,8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J., 7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Dime Savings Bank v. Albir, supra. See also The Bank of Darien v. Wake Robin Inn, Inc., supra; EastrichMultiple Investor Fund v. Hewitt, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. Citibank v. McCue, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.); Provident Financial Service v. Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.)
The defendant's special defense is not recognized as one of the traditional special defenses in a foreclosure action. Furthermore, the special defense does not attack the validity, making or enforcement of the note itself, but rather speaks of a sales contract between the defendant and a prospective buyer that is unrelated to the validity of the note. Thus, the plaintiff's motion to strike the defendant's special defenses is granted.
RICHARD J. TOBIN, JUDGE