[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Fleet Mortgage Corporation, brings this action against the defendant, Charles F. Bruno, to foreclose a mortgage encumbering his real property located at 429 Devotion Road, Scotland, Connecticut. Fleet alleges that on June 25, 1998, Bruno, as maker, became indebted to Fleet in the principal amount of $169,000, as evidenced by a promissory note, and secured said note with a mortgage. Fleet also alleges that the note and mortgage are in default for non-payment and, accordingly, Fleet has accelerated all sums due and owing under the note and mortgage. Fleet further alleges that there remains an unpaid principal sum of $94,942.44.
On June 9, 2000, Bruno filed an answer with a special defense, and, on September 5, 2000, he filed a counterclaim against Fleet. In his special defense, Bruno alleges that he participated in an automatic payment program with Fleet and that Fleet stopped withdrawing payments from Bruno's account despite the fact that sufficient money is and was in the account. Accordingly, Bruno alleges that he has paid or constructively paid each mortgage payment and is not in default. In his counterclaim, Bruno alleges that Fleet attempted to collect late charges and additional interest after refusing to accept payment in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
Fleet filed a motion to strike Bruno's special defense and counterclaim[1] on the ground that the special defense fails to attack the making; validity or enforcement of the note and mortgage, the special defense and the counterclaim plead no facts and merely allege legal conclusions, the counterclaim does not arise out of the same transaction as the complaint, and a CUTPA claim cannot attack the post-default conduct of the lender. Bruno timely filed an objection to Fleet's motion to strike.
 II
Fleet moves to strike Bruno's special defense and counterclaim on the ground that they are insufficient as a matter of law. Specifically, Fleet argues that Bruno admits that he failed to pay all amounts due under the note and mortgage, and the special defense and counterclaim attack the post-default conduct of Fleet rather than the making, validity or enforcement of the note and mortgage. Additionally, Fleet argues that the CUTPA counterclaim is also insufficient because "the allegations of a CUTPA counterclaim in a foreclosure cannot attack the conduct of the lender, attack workout discussion, or attempt to enforce oral arguments which fail to satisfy the statute of frauds." (Fleet's Brief, p. 5.) CT Page 3185
Bruno argues that his special defense and counterclaim do plead sufficient facts to support his defense and CUTPA claim.[2]
Additionally, Bruno argues that his CUTPA counterclaim is valid in this foreclosure action because "the plaintiff has caused the [d]efault and continues to pursue a [f]oreclosure when all monies due it are available through a payment procedure agreed to by the [p]laintiff" (Bruno's Objection, p. 2.)
 A The Special Defense
"`The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action.' Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); see also Practice Book § 10-50 (`[f]acts which are consistent with [the plaintiff's] statements [of fact] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged')." Danbury v. Dana InvestmentCorp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). Nonetheless, when the defense is that of payment, Practice Book § 10-50 requires that "payment (even though nonpayment is alleged by the plaintiff). . . . be specifically pleaded. . . ."
"`At common law, the only defenses to an action of [foreclosure were] . . . payment, discharge, release or satisfaction . . . or, if there had never been a valid lien.' . . . Petterson v. Weinstock, 106 Conn. 436,441, 138 A. 433 (1927). . . . [O]ur courts have [also] permitted several equitable defenses to a foreclosure action. `[I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had.'. . . Id., 442. Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability; Hamm v. Taylor, [180 Conn. 491, 494-96,429 A.2d 946 (1980)]; abandonment of security; Glotzer v. Keyes,125 Conn. 227, 233, 5 A.2d 1 (1939); and usury. Atlas Realty Corp. v.House, 120 Conn. 661, 669-70, 83 A. 9 (1936), overruled in part on other grounds, Ferrigno v. Cromwell Development Associates, 244 Conn. 189,202, 708 A.2d 1371 (1998)." Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 15-16, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999).
Many Superior Court decisions have discussed the sufficiency of various forms of a payment" defense. For example, in Dovenmuehle v. Brucoli, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 173479 (February 8, 2000, Rodriguez, J.), the court held that a special defense, alleging that "the defendant is not in default, and has been making payments," was sufficient to withstand a motion to strike in CT Page 3186 a foreclosure action. In Bank Boston v. Pruitt, Superior Court, judicial district of Tolland at Rockville, Docket No. 067795 (August 11, 1999,Kaplan, J.), the court held that a special defense that alleged that the defendant reinstated his note and mortgage and then tendered subsequent payments that the plaintiff refused to accept sufficiently alleged payment as a proper defense. In Bankers Truct Co. v. Mednick, Superior Court, judicial district of New Haven at Meriden, Docket No. 254012 (November 2, 1998, Beach, J.), the court, based upon equitable principals, refused to strike a special defense that alleged that the defendants attempted to make, what they thought were, proper payments but the plaintiff refused to accept them. The court held that this defense, conceivably, alleged payment. In Farmers Mechanics Bank v. Santangelo, Superior Court, judicial district of Middlesex at Middletown, Docket No. 067481 (December 8, 1995, Stanley, J.), the court found sufficient the defendants' allegation that they were not in default because the plaintiff refused to apply their payments to the note. In Bristol Savings Bank v. EFAAcceptance Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515249 (June 1, 1993, Aurigemma, J.), the court refused to strike a special defense that simply alleged payment without supporting facts, holding that the plaintiff could have obtained additional facts by filing a request to revise. But see CiticorpMortgage, Inc. v. Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (April 27, 2000, West, J.) (court granted motion to strike where defendants alleged that the lender's failure to accept payment caused their default holding that this failure did not relate to the making, validity or enforcement of the note); OCWEN FederalBank FSB v. Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547629 (August 11, 1999, Mihalakos, J.) (failure to accept payment and misapplication of payment are improper special defenses to foreclosure actions because they attack the conduct of the lender rather than the making, validity or enforcement of the note);Greenpoint Mortgage Corp. v. Ruisi, Superior Court, judicial district of Danbury, Docket No. 333106 (June 1, 1999, Moraghan, J.) (failure to apply timely payments is a special defense that primarily claims a breach of contract, and it is improper in a foreclosure action).
In his special defense, Bruno has specifically pleaded that he took part in an automatic payment program with Fleet, whereby he deposited money into a Fleet account, and Fleet automatically deducted his mortgage payments from that account. Fleet abided by this agreement and automatically deducted these mortgage payments from August 1999 until January 2000. Bruno alleges that he made sufficient payments to that Fleet account to cover his mortgage and that he has paid or constructively tendered payment for each mortgage payment to date via that account. He further alleges that because the money was and is in this Fleet account, he is not in default on his mortgage, and Fleet is CT Page 3187 not entitled to any late charges, attorney's fees, court fees, nor any other default fees.
Viewing the allegations of this special defense in a light most favorable to sustaining its legal sufficiency; see Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997); the court finds that these allegations do attack the enforcement of the note and that Bruno properly alleges the traditional common law foreclosure defense of payment.
Accordingly, the motion to strike the special defense is denied.
 B The CUTPA Counterclaim
Fleet argues that Bruno's counterclaim is insufficient as a matter of law because a counterclaim "cannot attack the conduct of the lender, attack workout discussion, or attempt to enforce oral arguments which fail to satisfy the statute of frauds." (Fleet's Brief, p. 5.) Fleet also argues that the counterclaim arises out of actions not related to the making, validity or enforcement of the note. Bruno argues that the CUTPA counterclaim is legally sufficient because "[t]he Plaintiff's own actions caused the default," and Fleet cannot charge late fees and additional interest where those fees became due solely because it refused to accept and deduct the payments. (Bruno's Brief, p. 3.)
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Practice Book § 10-10.
"Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside the note or mortgage. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Fleet National Bankv. Martin, Superior Court, judicial district of Waterbury, Docket No. 146930 (May 1, 2000, West, J.).
Bruno's counterclaim alleges many of the same facts as his special defense. Specifically, Bruno alleges that the actions of Fleet violated CUTPA in the following ways: "a) The Plaintiff attempted to collect late CT Page 3188 charges when the only basis for such charges was the fact that payments had not been made because [Fleet] had refused to accept them; b) The Plaintiff asserted a claim for interest which had accrued solely because it had failed to accept payments from the Defendant when it had [no legitimate reason] to so refuse." (Counterclaim, p. 2.) Bruno also alleges that he has suffered an ascertainable loss of money or property as a result of Fleet's unfair trade practices.
Bruno argues in his memorandum in opposition to Fleet's motion to strike that Fleet specifically caused him to default by refusing to continue to deduct his payments in accordance with their agreement. This allegation, however, is absent from the counterclaim and does not form the basis of his CUTPA claim. Bruno's CUTPA claim, as expressly quoted above, revolves around Fleet's attempt. to collect late charges and interest after it found him in default. The claim does not allege that Fleet caused the default. As such, the allegations contained in the counterclaim do not attack the making, validity, or enforcement of the note or mortgage. They only address the conduct of Fleet after Bruno allegedly defaulted. The counterclaim, therefore, is insufficient as a matter of law. See Fleet National Bank v. Martin, supra, Superior Court, Docket No. 146930 (striking CUTPA counterclaim because the allegations did not relate to the making, validity or enforcement of the note or mortgage); GE Capital Mortgage Service v. McCormick, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 478284 (August 20, 1998, Leheny, J.) (same); Centerbank v. Motor InnAssn., Superior Court, judicial district of New Haven at New Haven, Docket No. 335869 (August 2, 1993, Thompson, J.) (9 Conn.L.Rptr. 505, 506) (same).
Accordingly, the motion to strike Bruno's counterclaim is granted.
Foley, J.