[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: Defendant's Motion for Articulation #116
Pursuant to Practice Book § 66-5, the defendant, Brian McDermott, moves the court to articulate its decision granting the motion by the plaintiff, Homecomings Financial Network, Inc., to strike the three special defenses and the counterclaim in this mortgage foreclosure action.
The plaintiff filed a complaint on July 16, 2001, alleging the following facts. On January 5, 2000, the defendant executed and delivered to the plaintiff a promissory note (note) to obtain a loan in the principal amount of $287,700 (loan). On the same day, the defendant executed and delivered to the plaintiff a mortgage deed (mortgage) to secure the note, mortgaging a piece of real estate property known as 678 North Elm Street, Wallingford, Connecticut (property). The plaintiff is the record owner of the note and mortgage. The defendant defaulted on his CT Page 4052 mortgage payment, the plaintiff sent him a written note of default, but he failed to cure the default. The plaintiff has elected to accelerate the balance due on the note. The defendant owns the mortgaged property and is in possession of it.
The defendant filed an answer, three special defenses, and a counterclaim on August 24, 2001. The plaintiff filed a motion to strike the special defenses and the counterclaim on November 16, 2001, the defendant filed an objection on December 10, and the court granted the motion to strike from the bench on December 10, after a hearing. The defendant filed a notice of intent to appeal on December 26, and the present motion for articulation on December 27, 2001.
If "the factual or legal basis of the trial court's decision is unclear, the appellant should file a motion for articulation pursuant to Practice Book § 4051 [now § 66-5]." Matza v. Matza, 226 Conn. 166,187-88, 627 A.2d 414 (1993). What follows is the court's articulation, in response to the defendant's motion, of its decision granting the plaintiffs motion to strike the special defenses and the counterclaim.
Practice Book § 10-39(a)(5) provides in part: "Whenever any party wishes to contest . . . the legal sufficiency of . . . any special defense contained [in an answer to the complaint], that party may do so by filing a motion to strike the contested pleading or part thereof" "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985).
"A motion to strike admits all facts well pleaded; it does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "A motion to strike is properly granted if [a special defense] CT Page 4053 alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The first special defense argues that the interest rate charged and received by the plaintiff on the note is "greater than allowed by law" and $50,000 to $60,000 "beyond the fair market value of the property." The second special defense, incorporating the allegations made in the counterclaim, argues that the terms of the note and mortgage are unconscionable. The third special defense, incorporating the allegations made in the counterclaim, argues that the court should bar this foreclosure action on account of the plaintiffs "unclean hands."
The counterclaim alleges the following facts to support a claim for reformation of the note and mortgage. The plaintiff became an employee of DeGeorge Home Alliance (DeGeorge), an affiliate of the plaintiff "upon information and belief," on August 11, 1997. The defendant signed a purchase agreement with DeGeorge to participate in a first-time homebuyer's program run by DeGeorge (program) on October 30, 1997. The program provided construction loans to first-time homebuyers that were to be refinanced with conventional mortgages upon completion of construction within a ten-month period. The defendant completed the construction of the property within the period, and promptly began working with DeGeorge to convert the construction loan into permanent financing. Before the refinancing could be completed, the defendant received a letter from GMAC/Residential Funding Corporation (RFC) on December 31, 1998, informing him that RFC was taking over his account. DeGeorge terminated the defendant's employment on January 21, 1999. RFC informed the defendant on March 15, 1999, that the plaintiff would provide financing for all former DeGeorge customers. The plaintiffs proposed terms of financing was unconscionable, but the defendant had no choice but to accept them after failing to obtain mortgage financing on more reasonable terms from other sources. For the refinancing of the construction loan, the plaintiff charged the defendant at the outset interest and fees in excess of $50,000, which the plaintiff capitalized into the principal amount of the note. In addition to the interest, the loan provided for an initial interest rate of 8.5 percent with monthly payments of $2,500. The plaintiff increased the interest rate to 10.5 percent and the monthly payment to $2,900 on January 5, 2001.
The defendant argues that the terms of the note and mortgage, specifically, the interest rate, are unconscionable and unenforceable on equitable grounds under the circumstances of this case. He seeks reformation of the note and mortgage to provide for a principal amount equal to the fair market value of the property at the time of the transaction of the note and mortgage and to provide for a reasonable CT Page 4054 market rate of interest.
The plaintiff moves to strike the special defenses and the counterclaim on the ground that they are legally insufficient. With regard to the special defenses, the plaintiff argues generally that they do not attack the making, validity or enforcement of the note and mortgage.[1] The plaintiff makes the following specific argument. The first special defense should be stricken because it is a mere conclusion of law that is not supported by the facts alleged and because it fails to show that the plaintiff has no cause of action. The second special defense should be stricken because it fails to allege the elements of unconscionability. The third special defense should be stricken because the defense of unclean hands is not a recognized special defense. With regard to the counterclaim, the plaintiff argues that it should be stricken because it does not arise out of the same transaction that is the subject matter of this foreclosure action and because the defendant has failed to plead a legally sufficient claim for reformation.
The defendant argues in opposition that he has properly pleaded the special defenses of unconscionability and unclean hands and the counterclaim for reformation.
 I
The first special defense asserts that the interest charged and received by the plaintiff exceeds the legal limit and the fair market value of the property by a huge margin. As the plaintiff correctly points out, this special defense asserts a mere conclusion of law that is not supported by the facts alleged. It does not even incorporate the facts alleged in the counterclaim. Such a bald legal conclusion, without any facts in support, is subject to the motion to strike. Novametrix MedicalSystems. Inc. v. BOC Group. Inc., supra, 224 Conn. 215. The court grants the motion to strike the first special defense.
 II
The second special defense argues that the court should bar this foreclosure action because the terms of the note and mortgage are unconscionable under the circumstances alleged in the counterclaim. Relying on such cases as Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946
(1980), and Cheshire Mortgage Service. Inc. v. Montes, 223 Conn. 80, 89,612 A.2d 1130 (1992), the defendant argues that a valid special defense of unconscionability may lie where the terms of the note and mortgage, specifically, the interest rate, was unconscionable under the circumstances existing at the time of the execution of the note and mortgage. CT Page 4055
"The question of unconscionability is a matter of law to be decided by the court based on all the facts and circumstances of the case. . . . This means that the ultimate determination of whether a transaction is unconscionable is a question of law, not a question of fact. . . . The purpose of the doctrine of unconscionability is to prevent oppression and unfair surprise." (Citations omitted; internal quotation marks omitted.)Cheshire Mortgage Service. Inc. v. Montes, supra, 223 Conn. 87-88. "The classic definition of an unconscionable contract is one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other. . . . In practice, we have come to divide this definition into two aspects of unconscionability, one procedural and the other substantive, the first intended to prevent unfair surprise and the other intended to prevent oppression." (Citations omitted; internal quotation marks omitted.) Smithv. Mitsubishi Motors Credit of America. Inc., 247 Conn. 342, 349,721 A.2d 1187 (1998).
Even construed in the light most favorable to the defendant, the facts alleged in this special defense do not support the defendant's claim that the transaction of the note and mortgage, specifically, the charge of the interest rate, is either procedurally or substantively unconscionable. The defendant has not alleged that he was unfairly surprised by the terms of the note and mortgage. He concedes that he accepted the loan transaction with the plaintiff voluntarily for want of a better choice. He has alleged no facts to show procedural unconscionability.
Similarly, the allegations do not show that the transaction is oppressive. The mere allegation that the principal amount of the loan is $50,000 to $60,000 beyond the fair market value of the property, without more, is legally insufficient to support a claim of substantive I unconscionability. The motion to strike admits "all well-pleaded facts and those facts necessarily implied from the allegations"; Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001); but not "mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems. Inc. v. BOC Group. Inc., supra, 224 Conn. 215.
The focus of the defendant's claim of unconscionability is the interest rate charged and received by the plaintiff. It is incorrect for the defendant to assert that the interest rate exceeds what is allowed bylaw. The defendant alleges that the plaintiff increased the interest rate from the original 8.5 percent to 10.5 percent in January, 2001. As the plaintiff points out, the interest rate of 10.5 percent is not usurious as a matter of law under General Statutes § 37-4, which only prohibits the charge of an interest rate in excess of 12 percent annually.[2] Furthermore, even if the interest rate were usurious, CT Page 4056 General Statutes § 37-9 exempts the applicability of the usury statute, § 37-4, for "any bona fide mortgage of real property for a sum in excess of five thousand dollars."[3] See Ferrigno v. CromwellDevelopment Associates, 244 Conn. 189, 194, 708 A.2d 1371 (1998) ("a loan for a sum in excess of $5000 that is secured by a bona fide mortgage of real estate is not affected by § 37-4, the usury statute"). It is not disputed that the loan secured by the mortgage in this case exceeds $5,000 in amount and is a bona fide mortgage loan. The facts alleged do not show that the transaction of the note and mortgage, specifically the charge of the interest rate, is substantively unconscionable.
Because the second special defense asserts a mere legal conclusion of unconscionability that is not supported by the facts alleged, the court grants the motion to strike it.
 III
The defendant argues in the third special defense, on the basis of the same facts incorporated from the counterclaim, that the plaintiff should be barred from seeking the equitable relief of foreclosure because of its "unclean hands." Specifically, he argues that the plaintiff, knowing of the defendant's situation of being unemployed, "unfairly took advantage" of him and "forced" him to enter into the transaction of the "grossly unfair" note and mortgage.
"It is a fundamental principle of equity jurisprudence that for a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with clean hands. . . . The clean hands doctrine is applied not for the protection of the parties but for the protection of the court. . . . The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue. . . . Unless the plaintiffs conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." (Citation omitted; internal quotation marks omitted.) Thompson v.Orcutt, 257 Conn. 301, 310, 777 A.2d 670 (2001). "[A]pplication of the doctrine of unclean hands rests within the sound discretion of the trial court." (Internal quotation marks omitted.) Id., 308.
The court disagrees with the plaintiffs unqualified assertion that the doctrine of unclean hands is not a recognized special defense to mortgage foreclosure. See id., 311-14 (where the Supreme Court affirms such application). The court, however, finds nothing in the facts alleged in this special defense that may warrant its discretionary application of the unclean hands doctrine. The defendant has alleged no fraud or other CT Page 4057 inequitable or illegal conduct on the part of the plaintiff. He merely expresses his dissatisfaction with the bargain because he had no better choices available to him. He concedes that his financial problems stemmed from his discharge by DeGeorge, his employer, and that he voluntarily accepted the terms of financing proposed by the plaintiff. Because there is no showing of"unclean hands, " the court grants the motion to strike this special defense.
 IV
Relying on Hamm v. Taylor, supra, 180 Conn. 497, the defendant argues in the counterclaim that the court has discretion, on equitable considerations and principles, to reform the principal amount of the note and the interest rate in conformity with the fair market value of the property and the fair market interest rate at the time of the execution of the note.
"A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as a result of mutual mistake, or mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other. . . . Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties. . . . Equity evolved the doctrine because an action at law afforded no relief against an instrument secured by fraud or as a result of mutual mistake." (Citations omitted; internal quotation marks omitted.) Lopinto v. Haines, 185 Conn. 527, 531-32, 441 A.2d 151 (1981). See also Harlach v. Metropolitan Property Liability Ins., Co.,221 Conn. 185, 190-91, 602 A.2d 1007 (1992).
The counterclaim alleges neither a mutual mistake nor a unilateral mistake coupled with fraud or inequitable conduct. The defendant concedes that he voluntarily accepted the transaction with the plaintiff because he had no better choices. The equitable doctrine of reformation cannot come to his aid simply because he dislikes the deal that he has freely executed with the defendant. The court grants the motion to strike the counterclaim.
 CONCLUSION
The motion to strike the special defenses and the counterclaim is hereby granted. CT Page 4058
By the Court,
____________________ Donald W. Celotto Judge Trial Referee